IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| COURTHOUSE NEWS SERVICE; LEE ENTERPRISES, INCORPORATED; AND LEE BHM LLC, PUBLISHER OF THE RICHMOND TIMES-DISPATCH, THE ROANOKE TIMES, BRISTOL HERALD COURIER, LYNCHBURG NEWS AND ADVANCE, FREDERICKSBURG FREE LANCE STAR AND THE DAILY PROGRESS.<br><br>       Plaintiff,<br><br>v.<br><br>KARL R. HADE, in his official capacity as Executive Secretary of the Office of Executive Secretary of the Supreme Court of Virginia,<br><br>and<br><br>EDWARD JEWETT, in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia,<br><br>and<br><br>BRENDA HAMILTON, in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia,<br><br>and<br><br>KELLY FLANNAGAN, in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia<br><br>       Defendants. | Civil Action No. 1:25-cv-0075-JPJ-PMS |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff Courthouse News Service ("Courthouse News") and Plaintiffs Lee Enterprises, Incorporated and its wholly owned subsidiary, Lee BMH LLC (collectively, "Lee") (and, together with Courthouse News, "Plaintiffs"), respectfully move for leave to amend their Complaint in this action in the event the Court grants Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).

Leave to amend "should be freely given" as it would not "'be prejudicial to the opposing party,'" there has been no "'bad faith,'" and the amendment would "not be futile." *Ohio Valley Env't Coal., Inc. v. Hernshaw Partners, LLC*, 984 F. Supp. 2d 589, 592 (S.D.W. Va. 2013) (quoting *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 193 (4th Cir. 2009)); *see Laber v. Harvey*, 438 F.3d 404, 429 (4th Cir. 2006) (en banc) (district court "abused its discretion" in denying motion to amend).

All of these factors are satisfied here. This case is in its very early stages, and thus amendment would not prejudice any defendant. Nor is there any bad faith, as demonstrated by Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss (the "Opposition"). As for the final factor, in the event the Court grants Defendants' motions to dismiss on the grounds of standing, Plaintiffs would amend their complaint to allege, *inter alia*, the facts alleged in the Polous Declaration attached to the Opposition. In the event the Court grants Defendants' Rule 12(b)(6) motions on the merits, Defendants would amend their complaint to allege further facts demonstrating how and why Virginia Code § 17.1-293(H) (the "Dissemination Restriction") cannot meet either the strict scrutiny required of prior restraints on speech or the intermediate scrutiny required of content-neutral time, place and manner regulations.

Similarly, in the event the Court grants Hade's motion to dismiss based on the Eleventh Amendment, Plaintiffs would amend their complaint to allege additional facts demonstrating (1)

2

the involvement of the Office of the Executive Secretary ("OES") in drafting the OCRA subscriber agreements, including the Dissemination Restriction; (2) OES involvement in enforcing the Dissemination Restriction; and (3) collaboration between OES and Virginia circuit clerks, including the clerks in this case, concerning the enforcement of the Dissemination Restriction.  Support for these allegations is found in documents Hade produced in *Courthouse News Serv. v. Hade*, Civil Action No. 3:21-cv-00460-HEH ("*CNS v. Hade*"), including, by way of example only:

1. A 2015 email string involving Richmond Clerk Edward Jewett, a Defendant in this action, along with several representatives of the Office of the Executive Secretary ("OES"), discussing enforcement of the Dissemination Restriction.  Included in that email string is an email from one OES representative to another discussing his involvement in creating OCRA's Terms and Conditions and advising Mr. Jewett on his response to an inquiry from an OCRA subscriber regarding the Dissemination Restriction.  Copies of these documents, Bates Stamped MCBRYDE0058-62, are attached as **Exhibit 1.**

2. An April 2013 email from OES to Spotsylvania Circuit Court Clerk Christalyn Mitchell Jett transmitting to Clerk Jett, *inter alia*, a "sample subscription agreement" "that you could send to your local bar" containing the Dissemination Restriction.  Copies of these documents, Bates Stamped MCBRYDE0155-170, are attached as **Exhibit 2**.

3. A 2014 email string between OES and Lynette Coe, Deputy Clerk of the Prince Edward County Circuit Court, in which OES advises Ms. Coe that OCRA cannot be set up on public access terminals because each OCRA user must have a unique login, and OCRA is only accessible by attorneys and other Officers of the Court.  Copies of these documents, Bates Stamped MCBRYDE0135-144, are attached as **Exhibit 3**.

    4.      A June 2011 email string in which (at the bottom of the string) OES provides, to numerous circuit court clerks "new certification language that should replace the current 'disclaimer,'" and states, "We would like the system to require every person to 'certify' to this each time they access OCRA."  The proposed language is:  "I, ----, certify in accordance with Virginia Code § 17.1-293 that I am either an attorney in good standing with the Virginia State Bar, an authorized agent of such an attorney, an attorney currently admitted to practice law in Virginia on a pro hac vice basis, or an authorized representative of a governmental agency authorized by the clerk to access the system.  I acknowledge and agree that any data accessed in this system may not be sold or posted on any other Internet Web site or in any way redistributed to any third party.  I further acknowledge and agree that the Circuit Court Clerk reserves the discretion to deny secure remote access to ensure compliance with the Code of Virginia."  Copies of these documents, Bates Stamped WRIGHT0030-37, are attached as **Exhibit 4**.

        WHEREFORE Plaintiffs respectfully request that, if the Court grants the motions to dismiss pursuant to Rule 12(b)(6) or 12(b)(1) for any of the reasons argued in Defendants' motions to dismiss, or for any other reason, the Court grant it leave to amend its complaint, and enter any such other and further relief as the Court deems just and proper.

        COURTHOUSE NEWS SERVICE
LEE ENTERPRISES, INCORPORATED
LEE BHM LLC

By:      /s/ Dabney J. Carr
         Of Counsel

Dabney J. Carr IV, VSB No. 28679
Lauren H. Miller, VSB No. 100566
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1200
Fax: (804) 697-1339
dabney.carr@troutman.com
lauren.h.miller@troutman.com

Roger Myers (admitted pro hac vice)
Rachel Matteo-Boehm (admitted pro hac vice)
Carlie Tenenbaum (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
Fax: (415) 675-3434
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com
carlie.tenenbaum@bclplaw.com

*Counsel for Plaintiffs Courthouse News Service,
Lee Enterprises, Incorporated and Lee BHM LLC*