IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| COURTHOUSE NEWS SERVICE; LEE ENTERPRISES, INCORPORATED; AND LEE BHM LLC, PUBLISHER OF THE RICHMOND TIMES-DISPATCH, THE ROANOKE TIMES, BRISTOL HERALD COURIER, LYNCHBURG NEWS AND ADVANCE, FREDERICKSBURG FREE LANCE STAR AND THE DAILY PROGRESS.<br><br>            Plaintiff,<br><br>v.<br><br>KARL R. HADE, in his official capacity as Executive Secretary of the Office of Executive Secretary of the Supreme Court of Virginia,<br><br>and<br><br>EDWARD JEWETT, in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia,<br><br>and<br><br>BRENDA HAMILTON, in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia,<br><br>and<br><br>KELLY FLANNAGAN, in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia<br><br>            Defendants. | Civil Action No. 1:25-cv-0075-JPJ-PMS |

### REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
### PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

In accordance with Federal Rule of Evidence 201, Plaintiff Courthouse News Service ("Courthouse News") and Plaintiffs Lee Enterprises, Incorporated and its wholly owned subsidiary, Lee BMH LLC (collectively, "Lee") (and, together with Courthouse News, "Plaintiffs"), hereby request that the Court take judicial notice of the following facts and documents in support of Plaintiffs' Omnibus Opposition to Defendants' Motion to Dismiss.

### Requests for Judicial Notice

1. A printout of the Officer of the Court Remote Access ("OCRA") login page stating that OCRA "is intended solely for the use of authorized Officer of the Court personnel" and "[a]ll other use is expressly prohibited." This is the login page that is described in Stipulation No. 40 of the Joint Stipulations of Fact ("Joint Stipulations") in *Courthouse News Serv. v. Hade*, U.S. District Court, E.D. Va., Case No. 3:21cv460-HEH ("*CNS v. Hade*"), Doc. No. 55, and that is attached as Exhibit 2 to CNS' Complaint in the current action. It is also the login page the district court relied on in its ruling denying Defendants' motions to dismiss in *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289, 295 (E.D. Va. 2022). A true and correct copy of the printout of the OCRA login page is attached as **Exhibit 1.**

2. The November 16, 2021, Declaration of Jonathan E. Ginsberg in Opposition to Defendants' Motions to Dismiss filed in *CNS v. Hade* (Doc. No. 33-3), together with its Exhibit B (Doc. No. 33-5). As stated in the Ginsberg Declaration, Exhibit B consists of excerpts from the Federal Rule of Civil Procedure 30(b)(6) deposition of Robert Smith, the then-director of the department of judicial information and technology for the Office of Executive Secretary of the Supreme Court of Virginia, in *Courthouse News Serv. v. Schaefer*, U.S. District Court, E.D. Va.,

Case No. 2:18-cv-391-HCM ("*Schaefer*"). True and correct copies of the November 16, 2021, Ginsberg Declaration from *CNS v. Hade* and its Exhibit B are attached as **Exhibit 2.**

3.     The existence and contents of the November 30, 2018 Response of Work Group Established Pursuant to Item 38 (O) of the Appropriation Act of 2018 (Virginia House Bill 5002, Chapter 2 of Special Session I), issued by OES to the Co-Chairman of the Senate Committee on Finance, the Chairman of the Senate Committee on Courts of Justice, the Chairman of the House Committee on Appropriations, and the Chairman of the House Committee on Courts of Justice ("Work Group Report"). The Work Group Report was attached to Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment (Doc. No. 71) as Exhibit D (Doc. No. 71-13) in *CNS v. Hade*. A true and correct copy of the Work Group Report is attached as **Exhibit 3.**

4.     The existence of a 5-page email string produced by Defendant Hade in discovery in *CNS v. Hade*, Bates Stamped MCBRYDE0058-0062. A true and correct copy of this document is attached as **Exhibit 4.**

## Applicable Law

Federal Rule of Evidence 201(b) allows this Court to take judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

***Contents of a Government and Party Websites*** – The Court may take judicial notice of the OCRA website attached at Exhibit 1 as both a government and party website. The Fourth Circuit has established "[t]his court and numerous others routinely take judicial notice of information contained on state and federal government websites." *United States v. Garcia*, 855

3

F.3d 615, 621 (4th Cir. 2017); *see also Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of publicly available information on government website); *Spears v. Jones*, No. 7:12-CV-00296, 2012 WL 4460514 *1 n.1 (W.D. Va. July 9, 2012) (citing cases for the proposition that "federal courts may take judicial notice of governmental websites, including court records" and "postings on government websites are inherently authentic or self-authenticating").

In addition, "[a] court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and it is capable of accurate and ready determination." *Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (unpublished per curiam opinion). The contents of OES' OCRA website, as reflected in Exhibit 1, is not subject to reasonable dispute and is thus properly judicially noticed. *See, e.g., Brown-Thomas v. Hynie*, 367 F. Supp. 3d 452, 469 n.3 (D.S.C. 2019) (citing *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006)) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'").

***Records Filed With Courts*** – The court may take judicial notice of the November 16, 2021 Declaration of Jonathan Ginsberg in Opposition to Defendants' Motions to Dismiss and the attached deposition transcript from *Courthouse News Serv. v. Schaefer*, Case No. 2:18-cv-391-HCM (E.D. Va.). Both of these documents were filed with the court in *CNS v. Hade* as documents entered in other federal or state court proceedings that directly relate to the issues in this action. *Doe v. Mast*, 741 F. Supp. 3d 409, 424 n.1 (W.D. Va. 2024) ("The Court may also take judicial notice of state-court proceedings that directly relate to the issues in this federal-

4

court action."); *Design Gaps, Inc. v. Distinctive Design & Constr. LLC*, 162 F.4th 452, 468 n.3 (4th Cir. 2025) ("We take judicial notice of court filings not included in the joint appendix as matters of public record."); *Certusview Techs., LLC v. S&N Locating Servs., LLC*, 198 F. Supp. 3d 568, 581 (E.D. Va. 2016) (taking judicial notice of documents previously filed in case, including, *inter alia*, a portion of a deposition transcript). The following testimony appears on pages 97-98 of the transcript: "Q: Are there any restrictions to individuals who can access OCRA? A: Yes. Q: What are those restrictions? A: Must be a member in good standing of the Virginia State Bar. Q: And is that an OES-imposed requirement? A: Yes." For the purposes of the pending motions to dismiss, Court need not take judicial notice of the truth of these statements; only that OES' 30(b)(6) representative made these statements.

Fed. R. Evid. 201(b) also allows the Court to take judicial notice of Exhibit 3, the November 30, 2018, Response of Work Group Established Pursuant to Item 38 O of the Appropriation Act of 2018, which was attached as Exhibit D to the July 11, 2022 Courthouse News Service's Memorandum of Law in Support of its Motion for Summary Judgment in *CNS v. Hade*. Judicial notice of the Work Group Report is proper because it is a government document. *Shore v. Charlotte-Mecklenburg Hosp. Auth.*, 412 F. Supp. 3d 568, 573 (M.D.N.C. 2019) ("The court may take judicial notice of public documents and government documents because their sources cannot reasonably be questioned.") (quotation omitted); *see also 5th Cong. Dist. Republican Comm. v. O'Bannon*, No. 5:25-CV-00059, 2025 WL 3515265 at *2 n.3 (W.D. Va. Dec. 8, 2025) ("State Attorney General opinions are government documents subject to judicial notice") (citing *United States v. Lawson*, 677 F.3d 629, 654 (4th Cir. 2012)).

**Existence of email produced in *CNS v. Hade*** – Finally, this court may take judicial notice of the existence of the email string Bates Stamped MCBRYDE0058-62 and produced by

5

Defendant Hade in *CNS v. Hade* because it is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). Where, as here, Defendant Hade can confirm by its Bates number that this is the same document he produced in *CNS v. Hade*, its existence cannot be reasonably disputed. In addition, the document is relevant to Defendant Hade's Eleventh Amendment-related claim that he has played no role in the enforcement of the Dissemination Restriction. *See*, *e.g.*, *In re Harmony Holdings, LLC*, 393 B.R. 409, 414 (D.S.C. 2008) (request for judicial notice of emails "will be allowed," although circumstances did "not make the matters contained on the emails so reliable as to justify judicial notice of all of the facts stated therein."); *Fair Fight Inc. v. True the Vote*, 710 F. Supp. 3d 1237, 1264 & n.33 (N.D. Ga. 2024) (taking judicial notice of "the complete email correspondence" between trial witness and her voting county in Voting Rights Act case); *U.S. v. Coleman*, 2015 WL 1582462, *5 (E.D. Va. June 4, 2025) (taking judicial notice of email "'disclosed after the hearing"); *Smith v. Cook*, 2018 WL 1185221 *2 (S.D. Cal. March 7, 2018) (taking judicial notice of, among other items, "email chains" where "the accuracy and relevancy of these documents have not been disputed by Defendant").

                                      COURTHOUSE NEWS SERVICE
                                      LEE ENTERPRISES, INCORPORATED
                                      LEE BHM LLC


                                      By:  /s/ Dabney J. Carr, IV
                                            Of Counsel

Dabney J. Carr IV, VSB No. 28679
Lauren H. Miller, VSB No. 100566
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1200
Fax: (804) 697-1339
dabney.carr@troutman.com
lauren.h.miller@troutman.com

Roger Myers (admitted pro hac vice)
Rachel Matteo-Boehm (admitted pro hac vice)
Carlie Tenenbaum (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
Fax: (415) 675-3434
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com
carlie.tenenbaum@bclplaw.com

*Counsel for Plaintiffs Courthouse News Service,
Lee Enterprises, Incorporated and Lee BHM LLC*