UNITED STATES DISTRICT COURT
For the Western District of Virginia
Abingdon Division

| | |
|---|---|
| COURTHOUSE NEWS SERVICES, et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-00075 |
| ) | |
| KARL R. HADE, in his official capacity as ) | |
| Exec. Sec'y of the Office of Exec. Sec'y of the ) | |
| Supreme Ct. of Va., *et al.* ) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM IN OPPOSITION TO THE MOTION TO AMEND

The Defendant, Karl R. Hade ("Hade"), by counsel, submits this memorandum in opposition to the Motion to Amend.

### I.    INTRODUCTION

Hade opposes the plaintiffs' motion to amend their complaint because it is plainly futile, even though Plaintiffs do not propose an actual Amended Complaint. Nor could they propose a complaint that would cure the defects in the current complaint, because their claims fail as a matter of law. There are no additional facts that could change the facts already known to the parties nor to the plain black letter law set forth by binding Fourth Circuit caselaw or the statute at issue itself.

### II.    ARGUMENT

Hade opposes the plaintiffs' motion to amend for several reasons. First, the plaintiff failed to provide a proposed Amended Complaint.  Hade joins the opposition raised by co-defendants Edward Jewett, Brenda Hamilton, and Kelly Flannagan on this point. "[T]he failure to submit a proposed amended complaint with a motion for leave to amend renders such a

1

motion futile." *Roman v. Spilman Thomas & Battle, PLLC*, No. 7:23-cv-00749, 2024 U.S. Dist. LEXIS 91888, at \*16-17 (W.D. Va. May 22, 2024) (Dillon, J.). This alone is sufficient to foreclose Plaintiffs' motion to amend.

Second, however, any amendment will necessarily be futile for the reasons set forth in the briefs Hade has filed with this Court. Amending to add facts as set forth in the Poulos Declaration would only inject more confusion about the Lee entities by contradicting evidence in the public record, as evidenced by the exhibits attached to Hade's Reply to Plaintiffs' Response, rather than resolve the conflict. *See* ECF 59-1, 59-2, 59-3, 59-4, 59-5, 59-6.

The proposed amendment to assert additional facts to support Hade's involvement in drafting subscriber agreements, "enforcing the Dissemination Restriction," or purported "collaboration" between OES and Virginia circuit court clerks is also futile. The statute at issue expressly and clearly states who has authority to enforce the Dissemination Restriction: the circuit court clerks. OES provides the online infrastructure for secure remote access to court records, but OES has no independent authority to enforce the Dissemination Restriction and any injunction directed at Hade enjoining enforcement of the Dissemination Restriction would be futile.

Instead, the joinder of Hade appears to be an attempt to make this Court's judgment binding on any clerk availing themselves of the OCRA system for secure remote access to court pleadings. Plaintiffs, who are unable to make even a colorable argument that they have standing against every circuit court clerk in Virginia, are attempting to impose this result in the case at bar upon non-parties through improper joinder of a state official. Additional facts will not cure this legal defect.

2

Third, the plaintiffs' claims about additional facts they would allege in an amended complaint ring hollow. ECF 49, 1-2 Specifically, the plaintiffs have told this Court they have facts "demonstrating . . . OES involvement in enforcing the Dissemination Restriction." *Id.* No such evidence was alleged in the previous litigation against Hade and at the close of discovery Hade was voluntarily dismissed as a party. CNS knew this was an issue because, as they point out in their opposition, it was litigated at the Motion to Dismiss stage in *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289, 292 (E.D. Va. 2022). Yet, they did not allege these unidentified key facts in the case at bar that would make Hade a proper party to this litigation and profess they would do so if given the opportunity to amend. Plaintiffs should, at the very least, be made to identify what they would allege before their motion may be granted as not futile or in bad faith.

Fourth and finally, the plaintiffs assert that "[t]his case is in its very early stages." That may be technically true, but Hade and CNS have been involved in this and the previous case for over four years.  If the plaintiffs cannot even allege a plausible cause of action against Hade, the case should be dismissed.

## II.      CONCLUSION

For the reasons stated above, Hade respectfully requests that this Court dismiss the motion to amend.

Respectfully submitted,

Jay C. Jones

*Attorney General of Virginia*

KARL R. HADE

By Counsel:

|                                        |
| -------------------------------------- |
| /s/ Erin R. McNeill |

Gretchen E. Nygaard

*Deputy Attorney General*

Erin R. McNeill (VSB# 78816)*
Senior Assistant Attorneys General
Office of the Virginia Attorney General

3

Jacqueline C. Hedblom

*Senior Assistant Attorney General*

202 North 9th Street
Richmond, Virginia 23219
Telephone (ERM): (804) 692-0598
Facsimile (ERM): (804) 371-0200
Email (ERM): EMcneill@oag.state.va.us
*Counsel of Record for Hade*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send notification of such filing to counsel of record.


/s/ Erin R. McNeill
Erin R. McNeill (VSB No. 78816)
Senior Assistant Attorney General

4