# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

COURTHOUSE NEWS SERVICE; LEE
ENTERPRISES, INCORPORATED; AND
LEE BHM LLC, PUBLISHER OF THE
RICHMOND TIMES-DISPATCH, THE
ROANOKE TIMES, BRISTOL HERALD
COURIER, LYNCHBURG NEWS AND
ADVANCE, FREDERICKSBURG FREE
LANCE STAR AND THE DAILY
PROGRESS.

   Plaintiff,

v.

KARL R. HADE, in his official
capacity as Executive Secretary of the Office
of Executive Secretary of the Supreme Court
of Virginia,

and

EDWARD JEWETT, in his official
capacity as Clerk of the Circuit Court for the
City of Richmond, Virginia,

and

BRENDA HAMILTON, in her official
capacity as Clerk of the Circuit Court for the
City of Roanoke, Virginia,

and

KELLY FLANNAGAN, in her official
capacity as Clerk of the Circuit Court for the
City of Bristol, Virginia

   Defendants.

Civil Action No. 1:25-cv-0075-JPJ-PMS

## REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND

**INTRODUCTION**

The Complaint and other documents properly before the Court contain more than enough for the Court to deny Defendants' motions to dismiss.  Plaintiffs request leave to amend only in the alternative in case the Court disagrees.  *See* Plaintiff's Motion for Leave to Amend 2, 4 (Doc. 49) ("Motion").  Moreover, Plaintiffs' motion and related materials provide sufficient detail as to the substance of the proposed amendments.  *See* Motion 2-4 & Exhs. 1-4; Plaintiffs' Omnibus Opp. to Defendants' Motions to Dismiss 3, 17 n.8, 22 n.13 (Doc. 48) ("Opp."); *id.*, Exh. 1 (Decl. of S. Poulous); Request for Judicial Notice 1-4 & Exhs. 1-4 (Doc. 50-50.4).

As Defendant Clerks acknowledge, leave to amend should be freely given and "denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *accord, e.g.,* Clerks' Opp. to Motion Leave to Amend 2 (Doc. 63) ("Clerks' Opp.").  This framework "'gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.'"  *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 193 (4th Cir. 2009) (quoting *Laber*, 438 F.3d at 426).  The rule that "'leave to amend shall be freely given when justice so requires,' … is to be heeded. … [I]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

Defendants attempt to flip this policy on its head, arguing that leave to amend amendment is ***automatically*** futile if a plaintiff does not file a proposed amended complaint.  Defendants' authorities, however, do not support that position and Fourth Circuit authority is to the contrary.  *See, e.g., Matrix*, 576 F.3d at 192-95 (reversing denial of leave to amend where

plaintiffs requested permission to amend in a footnote in their opposition memorandum and said at oral argument they could "'significantly bolster'" their allegations).

Here, Plaintiffs' opposition to the motions to dismiss, their request for judicial notice, the Poulous Declaration, the Motion and its exhibits setting forth the substance of the proposed amendments demonstrate that amendment would not be futile.

## I.    A Proposed Amended Complaint Is Not Required Here

Defendants rely primarily on *Roman v. Spilman Thomas & Battle, PLLC*, 2024 WL 2330041 (W.D. Va. May 22, 2024).  Clerks' Opp. 2; Hade Opp. to Mot. Leave to Amend 1-2 (Doc. 60) ("Hade Opp.").  But neither *Roman* nor the case it cites, *Dotson v. Warden of KMCC*, 2014 WL 5810460 (W.D. Va. Nov. 7, 2014), hold that a request for leave to amend is *per se* futile where not accompanied by an amended complaint.

In *Roman*, the plaintiff moved to add 13 additional defendants to what was already a "long, largely unintelligible" complaint that failed "to specify which claims she is bringing against which defendants."  *Roman*, 2024 WL 2330041 at *2.  The Court noted that the Fourth Circuit had recently emphasized that allegations "against collective 'defendants' are generally insufficient to state a claim, at least in the § 1983 context."  *Id*. (citing *Langford v. Joyner*, 62 F. 4th 122, 125 (4th Cir. 2023)).  The plaintiff alleged that the additional defendants violated several laws and constitutional provisions, but she did not provide any factual support for her allegations and did not specify "which proposed defendants purportedly violated which laws." *Id*. at *6.  Thus, the court's ruling was not based on the absence of a proposed amended complaint standing alone but rather on the absence of an amended complaint combined with the plaintiff's failure to make factual allegations in her motion to amend that showed that an amendment could survive a motion to dismiss.  *Id*. ("Given that Roman has not attached any proposed amended complaint and her motions do not provide factual support for her proposed

2

claims against these new defendants, her proposed amendment fails to withstand [Rule] 12(b)(6) scrutiny and, thus, is futile.").

*Dotson* involved a *pro se* inmate petition for habeas corpus. In response to a motion to dismiss, the petitioner filed a motion for leave to amend without a proposed amended petition. The court denied the motion and warned that any future motion to amend must include a proposed amended petition. The inmate filed a new motion to amend with a proposed amended petition, which the court granted. A few months later, petitioner sought leave to amend yet again, which the court said "violates the prior order. Furthermore, I cannot determine the futility of an amendment without seeing it. … Thus, I deny leave to amend due to futility, as no proposed amended petition was filed; undue delay and a dilatory motive; a repeated failure to cure deficiencies by the amendment previously allowed; and undue prejudice to the opposing party." *Dotson*, 2014 WL 5810460 at *4. Thus, as in *Roman*, the court denied leave based on many factors, not just the lack of a proposed amended petition.

*Dotson* cites cases from the Eighth and Eleventh Circuits, but neither holds that a motion for leave to amend must include a proposed amended complaint. In *Long v. Satz*, 181 F.3d 1275 (11th Cir. 1999), the Eleventh Circuit said that "[a] motion for leave to amend should either set forth the substance of the proposed amendment *or* attach a copy of the proposed amendment." *Long*, 181 F.3d at 1279 (emphasis added). In *Wolgin v. Simon*, 722 F.2d 389 (8th Cir. 1983), the plaintiff neither submitted a proposed amended complaint nor indicated what an amended complaint would have contained. Under those circumstances, the court held, the trial court could not rule on the question of amendment, and so a grant of leave to amend would have been inappropriate. *Id*. at 394. Here, by contrast, Plaintiffs have provided extensive detail about the additional allegations it would make if the Court grants the motions to dismiss.

3

The Clerk Defendants also cite *Richards v. X Corp.*, 2024 WL 4520354 (W.D. Va. Oct. 17, 2024), but there the court denied leave to amend because the plaintiff's summary of his proposed amendments "[did] not allow the court to fully evaluate whether his claims, as amended, survive dismissal under Rule 12(b)(2) and Rule 12(b)(6)." *Id*.at *2.  The court further ruled that the plaintiff could "refile his motion for leave to amend, with a proposed amended complaint attached, on or before … the deadline for filing motions to amend pleadings set by the court's Rule 16(b) scheduling order." *Id*.

As the Fourth Circuit has explained in reversing a district court's dismissal of a complaint without an opportunity to amend,

> "the court normally will give plaintiff leave to file an amended complaint.  The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading.  This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading.  Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim.  The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim."

*Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 360–67 (2d ed.1990)); *see also, e.g., Matrix*, 576 F.3d at 192-95; *Buckner v. Tygart Valley Const., Inc.*, 2006 WL 1966968, *9-10 (N.D.W. Va. July 12, 2006) (granting request for leave to amend made "without filing a formal written motion to amend or a copy of the proposed amended complaint, orally and in his written memorandum in response to Defendant's Motion To Dismiss").

II.    **Defendants Fail to Show Amendment Would Be Futile or Any Prejudice to Them**

Should the Court grant the motions to dismiss, Plaintiffs would amend their complaint in three respects, depending on the grounds for the Court's decision.

4

First, if the Court grants Defendant Hade's motion to dismiss Lee on grounds of standing, Plaintiffs would amend their complaint to allege the facts alleged in the Poulous Declaration, *see* Motion 2; Opp. 3, 17 n.8 & Exh. 1, as augmented by the Declaration of Danelle Kvapil attached to Plaintiffs' proposed sur-reply, which attests to the change of Lee BHM Corp. to Lee BHM LLC and the recent registering of it and Lee Enterprises, Incorporated, to do business in Virginia.

Second, if the Court grants Defendant Hade's motion to dismiss based on the Eleventh Amendment, Plaintiffs would amend their complaint to allege additional facts, including but not limited to those contained in the email strings attached as Exhibits 1-4 of the Motion, demonstrating (1) the involvement of the Office of the Executive Secretary ("OES") in drafting the OCRA subscriber agreements, including the Dissemination Restriction; (2) OES involvement in enforcing the Dissemination Restriction; and (3) collaboration between OES and Virginia circuit clerks, including the clerks in this case, concerning the enforcement of the Dissemination Restriction.  Motion 2; Opp. 3.  If the Court denies Plaintiffs' request for judicial notice, Plaintiffs would also amend their complaint to allege the existence of and the facts contained in the documents identified in the request for judicial notice.

Third, if the Court grants Defendants' Rule 12(b)(6) motion for failure to satisfy strict or intermediate scrutiny – which seems unlikely at this pleading stage since the burden to satisfy that scrutiny is on Defendants, who must offer evidence to carry that burden, Opp. 43-44 – Plaintiffs would amend their complaint to allege further facts demonstrating the Dissemination Restriction cannot meet either level of scrutiny, including facts showing "'less intrusive tools readily available to'" Defendants, which precludes finding the Dissemination Restriction was narrowly tailored under intermediate scrutiny.  *Billups v. City of Charleston*, 961 F.3d 673, 688 (4th Cir. 2020) (quoting *McCullen v. Coakley*, 573 U.S. 464, 494 (2014)).

Defendant Clerks complain that the emails attached as Exhibits 1-4 of the Motion fail to explain how the emails "relate to the Eleventh Amendment." Clerks' Opp. 3.  Plaintiffs, however, provided specific examples of statements in those emails that add to the allegations in the complaint and further rebut Defendants' contentions that they are not proper defendants under the Eleventh Amendment because they do not have a special relationship to and have not enforced or have threatened to enforce the Dissemination Restriction.

Defendant Hade also claims that "the plaintiffs have not and cannot point to any actions taken by the OES and Hade to enforce the Dissemination Restriction."  Mem. of Law in Supp. of Defendant Hade's Motions to Dismiss 9 (Doc. 40).  The emails attached as Exhibits 1-4 to the Motion, however, directly rebut that claim, and Hade makes no effort to address the substance of those exhibits in his response.  Instead, he pretends that these emails do not matter because, he claims, only the clerks have authority to enforce the Dissemination Restriction.  Hade Opp. 2.

But the Dissemination Restriction only gives clerks "discretion" to revoke OCRA access for violations of the Restriction.  Va. Code § 17.1-293(H).  That hardly means Hade and OES will not have a say in the exercise of that discretion, or that they did not require Defendant Clerks to include the Dissemination Restriction in their subscription agreements.

Indeed, the idea that the clerks have "exclusive" authority to enforce the Dissemination Restriction is not supported by the statutory text, is contradicted by the factual allegations in the complaint and Plaintiff's request for judicial notice, and is contrary to the decision in *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289, 295 (E.D. Va. 2022) ("*Hade I*") ("even accepting Defendant Hade's argument that he does not have unilateral control over court records inside of OCRA, CNS has adequately alleged that he maintains a 'special relation' to the challenged policy and has 'acted or threatened' to enforce it.").  *See* Opp. 22-25.

6

If the Court agrees, as it should, that these facts are relevant to the application of *Ex parte Young* and the Eleventh Amendment, it would hardly be "futile" to allege additional facts drawn from these emails illustrating Hade's control in the background (as one clerk put it, like the "Wizard of Oz," Compl., Exh. 6, at 3, 9) of the actions of the clerks with respect to OCRA.  *See, e.g.*, Motion 3 (discussing Exhibit 1, which includes advice from OES to Defendant Jewett on the response to an inquiry from an OCRA subscriber regarding the Dissemination Restriction).

Hade also claims that amendments to include the facts in the Poulson declaration "would only inject more confusion about the Lee entities by contradicting evidence in the public record." Hade Opp. 2.  As the Kvapil Declaration submitted herewith explains, however, it is Hade that is mistaken and amendment would conform the allegations to the public record.  Further, as the Court explained in *Hade I*, "[i]f discovery reveals that Defendant Hade does not have any power to enforce the challenged statures" – or the Lee entities lack standing – "then he may, of course, make an appropriate motion at a later stage in this case."  *Hade I*, 580 F. Supp. 3d at 295 n.7.

WHEREFORE, Plaintiffs respectfully request that, if the Court grants the motions to dismiss pursuant to Rule 12(b)(6) or 12(b)(1) for any reason, that it also grant Plaintiffs leave to amend their complaint.

Dated: March 26, 2026

COURTHOUSE NEWS SERVICE
LEE ENTERPRISES, INCORPORATED
LEE BHM LLC

By:      /s/ Dabney J. Carr, IV
             Of Counsel

Dabney J. Carr IV, VSB No. 28679
Lauren H. Miller, VSB No. 100566
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1200
Fax: (804) 697-1339
dabney.carr@troutman.com
lauren.h.miller@troutman.com

Roger Myers (admitted pro hac vice)
Rachel Matteo-Boehm (admitted pro hac vice)
Carlie Tenenbaum (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
Fax: (415) 675-3434
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com
carlie.tenenbaum@bclplaw.com

*Counsel for Plaintiffs Courthouse News Service,
Lee Enterprises, Incorporated and Lee BHM LLC*