# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

COURTHOUSE NEWS SERVICE; LEE
ENTERPRISES, INCORPORATED; AND
LEE BHM LLC, PUBLISHER OF THE
RICHMOND TIMES-DISPATCH, THE
ROANOKE TIMES, BRISTOL HERALD
COURIER, LYNCHBURG NEWS AND
ADVANCE, FREDERICKSBURG FREE
LANCE STAR AND THE DAILY
PROGRESS.

        Plaintiff,

v.

KARL R. HADE, in his official
capacity as Executive Secretary of the Office
of Executive Secretary of the Supreme Court
of Virginia,

and

EDWARD JEWETT, in his official
capacity as Clerk of the Circuit Court for the
City of Richmond, Virginia,

and

BRENDA HAMILTON, in her official
capacity as Clerk of the Circuit Court for the
City of Roanoke, Virginia,

and

KELLY FLANNAGAN, in her official
capacity as Clerk of the Circuit Court for the
City of Bristol, Virginia

        Defendants.

Civil Action No. 1:25-cv-00075-JPJ-PMS

## MOTION FOR LEAVE TO FILE SUR-REPLY

Pursuant to Civil Local Rule 11(c)(1), Plaintiffs Courthouse News Service ("CNS"), Lee Enterprises, Incorporated, and Lee BHM LLC (collectively "Lee," and with CNS "Plaintiffs"), respectfully move for leave to file the [Proposed] Sur-Reply attached to this motion to address several new arguments raised by Defendants Karl Hade, Edward Jewett, Brenda Hamilton and Kelly Flanagan for the first time in their three reply briefs in support of their motions to dismiss.

Defendants' reply briefs do not contest the arguments presented in Plaintiffs' Omnibus Opposition (Doc. 48) in response to several of their grounds for dismissal.  In particular, Defendant Hade does not contend that (1) Lee Enterprises lacks standing on the theory that it is not a publisher of Lee's Virginia newspapers; (2) the subscriber to Virginia's Officer of the Court Remote Access ("OCRA") who declined to provide information about court records on OCRA to CNS and Lee due to the restraint in Virginia Code § 17.1-293(H) (the "Dissemination Restriction") is not a speaker, for purposes of the "willing speakers" analysis, under *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024) and 42 U.S.C. § 230; (3) CNS and Lee cannot assert facial or as-applied challenges to that Restriction; or (4) including the Restriction in OCRA subscriber agreements waives subscribers' First Amendment rights.  For their part, the Clerks withdraw their argument that their discretion to enforce the Dissemination Restriction by revoking OCRA access immunizes them from suit under *Ex parte Young*, 209 U.S. 123 (1908).  Defendant Clerks Reply in Supp. of Rule 12(b)(1) Mot. to Dismiss 11 (Doc. 62) ("Clerks Reply I").

In place of these arguments, Defendants assert several new theories.  Defendant Hade challenges Lee BHM's standing for the first time in his reply and tries to convert his facial challenge to Lee Enterprises' standing into a factual one by presenting evidence he contends show both Lee entities lack standing.  Defendant Hade's Reply in Supp. of Motions to Dismiss 4-5 (Doc. 59) ("Hade's Reply").  That theory turns out to be inaccurate, as explained in the

Declaration of Danielle Kvapil submitted with the proposed sur-reply.  Defendant Hade also now claims for the first time that "the Dissemination Restriction is subject to an even more relaxed standard of intermediate scrutiny" than applied to OCRA's companion restriction in *Courthouse News Serv. v. Smith*, 126 F.4th 899 (4th Cir. 2025), based on authority not raised in his opening brief and that requires an analysis of OCRA he does not and could not make.  Hade Reply 12-13.

Defendant Clerks contend for the first time that a ruling invalidating the Dissemination Restriction's prohibition on disclosing non-confidential information in public court records on OCRA would call into constitutional question several Virginia statutes that prohibit disclosure of confidential information in non-public records.  Defendant Clerks Reply in Supp. of Rule 12(b)(6) Mot. to Dismiss Clerks 4-5 ("Clerks Reply II").  And while they withdraw their argument that their discretion to enforce OCRA by revoking access does not immunize them from suit seeking an injunction against doing so, they now mistakenly contend that any "other injunction of broader effect" would exceed the scope of *Ex parte Young*.  Clerks Reply I 11.

And all Defendants contend for the first time that *Smith* "forecloses" CNS' and Lee's claim that the Dissemination Restriction violates their First Amendment right to gather news and/or their standing to assert it.  *Id.* at 1; Clerks Reply II 4; Hade Reply 6-7.  That theory misreads *Smith* and overlooks *Overbey v. Mayor of Baltimore*, 930 F.3d 215 (4th Cir. 2019).

"Generally, 'new arguments [like these] cannot be raised in a reply brief' before the district court."  *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022) (citation omitted).  "A contrary rule runs the risk of depriving a nonmovant an opportunity to respond."  *Id.*  "But just as we may overlook waiver, a district court may consider an argument raised for the first time on reply under appropriate circumstances."  *Id.*  One circumstance relevant here is the "non-movant's opportunity to contest an untimely argument in a sur-reply."  *Id.*

2

As explained in the [Proposed] Sur-Reply (attached hereto as Exhibit 1), "[t]his Court need not address th[ese] issue[s] because Defendants "'waive[d] [these] argument[s] by raising [them] for the first time in [their] reply brief[s].'" *Clendening v. United States*, 19 F.4th 421, 430 n.7 (4th Cir. 2021); *Innotec LLC v. Visiontech Sales, Inc*, 2018 WL 4387639, *2 n.1 (W.D. Va. Sept. 14, 2018); *N. Carolina Fisheries Ass'n v. Pritzker*, 2015 WL 4488509, *3 n.5 (E.D.N.C. July 22, 2015) ("court rejects the state defendants' belated attempt to couch their attack as a factual challenge" in "their reply" after "present[ing] a facial challenge" in their moving papers).

If the Court is inclined to consider these new arguments, CNS and Lee respectfully request that it grant this motion and direct the clerk to file the attached [Proposed] Sur-Reply to avoid "consideration of new arguments raised for the first time in [the] reply brief[s]" from being "'manifestly unfair.'" *Innotec*, 2018 WL 4387639 at *2 n.1. "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Vandelinde v. Priority Auto. Roanoke, Inc.*, 2021 WL 1113635, *5-6 (W.D. Va. Mar. 23, 2021). The Court may grant the motion "when fairness dictates based on new arguments raised in the previous reply." *Id.*

WHEREFORE Plaintiffs Courthouse News Service, Lee Enterprises Incorporated and Lee BHM LLC respectfully request that the Court either decline to consider the new arguments raised by Defendants for the first time in their reply briefs or grant their Motion for Leave to File Sur-Reply and order that the clerk file the [Proposed] Sur-Reply submitted with this motion.

Dated: March 26, 2026

COURTHOUSE NEWS SERVICE
LEE ENTERPRISES, INCORPORATED
LEE BHM LLC


By: ___/s/ Dabney J. Carr, IV_____
    Of Counsel

3

Dabney J. Carr IV, VSB No. 28679
Lauren H. Miller, VSB No. 100566
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1200
Fax: (804) 697-1339
dabney.carr@troutman.com
lauren.h.miller@troutman.com

Roger Myers (admitted pro hac vice)
Rachel Matteo-Boehm (admitted pro hac vice)
Carlie Tenenbaum (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
Fax: (415) 675-3434
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com
carlie.tenenbaum@bclplaw.com

*Counsel for Plaintiffs Courthouse News Service,
Lee Enterprises, Incorporated and Lee BHM LLC*