CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

May 05, 2026

LAURA A. AUSTIN, CLERK
BY:  s/ FELICIA CLARK
       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25CV00075 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| KARL R. HADE, etc., et al., | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Roger Myers, BRYAN CAVE LEIGHTON PAISNER LLP, San Francisco, California and Dabney J. Carr IV, TROUTMAN PEPPER LOCKE LLP, Richmond, Virginia, for Plaintiffs; Erin R. McNeill, Senior Assistant Attorney General, OFFICE OF THE VIRGINIA ATTORNEY GENERAL, Richmond, Virginia, for Defendant Karl R. Hade; Peter Askin, THOMPSONMCMULLAN, P.C., Richmond, Virginia, for Defendants Edward Jewett, Brenda Hamilton, and Kelly Flannagan.*

The plaintiffs, a legal news service and publishers of various local Virginia newspapers, challenge the constitutionality of a Virginia statute that restricts the dissemination of non-confidential civil court records obtained through the state's remote online access system. The defendants, Virginia court officials, have moved to dismiss the case for lack of subject-matter jurisdiction and failure to state an actionable claim. For the reasons discussed below, the motions to dismiss will be denied.

## I. Background.

All Virginia circuit courts provide the public and press with access to non-confidential civil court records at their respective physical courthouses.  Regulation of remote access to these same records is left to the discretion of individual Virginia circuit court clerks.[1]  Va. Code Ann. § 17.1-225.  Most Virginia circuit courts offer remote access to such records via the Officer of the Court Remote Access system (OCRA).  The statute governing OCRA requires Virginia circuit court clerks to limit OCRA access to Virginia-licensed attorneys and their authorized agents, pro hac vice attorneys, and select government agencies (Access Restriction).[2]  Va. Code Ann. § 17.1-293(E)(7).  However, if an authorized OCRA user transmits remotely accessed data to an unauthorized third party, circuit court clerks have discretion to revoke the user's OCRA access (Dissemination Restriction).  Va. Code Ann. § 17.1-293(H).[3]

---

[1] The circuit courts in Virginia are the local general trial courts of record.  There are 120 circuit courts.  Compl. ¶ 39, Dkt. No. 1.  Each circuit court has an elected clerk who serves as the custodian of its records.

[2] In a prior lawsuit filed by Courthouse News, the Fourth Circuit upheld the Access Restriction as constitutional.  *Courthouse News Serv. v. Smith*, 126 F.4th 899, 916–17 (4th Cir. 2025).  It is thus not at issue in the present litigation.

[3] Va. Code Ann. § 17.1-293(H) states:

Nothing in this section shall be construed to permit any data accessed by secure remote access to be sold or posted on any other website or in any way redistributed to any third party, and the clerk, in his discretion, may deny secure remote access to ensure compliance with these provisions.  However,

Plaintiff Courthouse News Service (Courthouse News) is a nationwide news service that specializes in reporting on civil litigation in state and federal courts. Co-plaintiffs Lee Enterprises, Inc. (Lee) and Lee BHM LLC (Lee BHM), a subsidiary of Lee, are publishers of various newspapers across Virginia.

In 2021, Courthouse News filed a lawsuit in the U.S. District Court for the Eastern District of Virginia challenging the constitutionality of both the Access Restriction and the Dissemination Restriction. The district court found both restrictions to be content-neutral time, place, and manner regulations that were narrowly tailored to further Virginia's interest in protecting the disclosure of citizens' private information and the efficient administration of justice. *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349, 360–70 (E.D. Va. 2022).

On appeal, the Fourth Circuit upheld the Access Restriction as constitutional. *Courthouse News Serv. v. Smith*, 126 F.4th 899, 917–18 (4th Cir. 2025) (*Courthouse News I*). But the court of appeals determined that, because Courthouse News was not entitled to OCRA access, it lacked standing to challenge the Dissemination Restriction. *Id.* at 917 (explaining that "[t]he Dissemination Restriction does not impose any restraint on Courthouse News's speech, because it applies only to

---

the data accessed by secure remote access may be included in products or services provided to a third party of the subscriber provided that (i) such data is not made available to the general public and (ii) the subscriber maintains administrative, technical, and security safeguards to protect the confidentiality, integrity, and limited availability of the data.

individuals with remote online access to court records"). The court also rejected Courthouse News's contention that the Dissemination Restriction indirectly injured its ability to acquire records from attorneys with OCRA access because Courthouse News would have needed to show that "there exists a speaker willing to convey the information" to have standing to assert the right to receive speech. *Id.* (internal quotation marks and citation omitted). Because "Courthouse News ha[d] not identified anyone who would redistribute data from OCRA to Courthouse News absent the Dissemination Restriction," the court found that the derivative injury allegations were "too speculative" to establish standing. *Id.* (internal quotation marks and citation omitted).

On December 9, 2025, Courthouse News, along with Lee and Lee BHM, filed this action against Karl R. Hade, the Executive Secretary of the Office of Executive Secretary (OES) of the Supreme Court of Virginia, as well as Virginia circuit court clerks Edward Jewett, Brenda Hamilton, and Kelly Flannagan, all in their official capacities.[4] The sole claim challenges the Dissemination Restriction of Va. Code Ann. § 17.1-293(H) as an unconstitutional prior restraint in violation of the First Amendment. To rectify the standing issue previously identified by the Fourth Circuit in Courthouse News I, the plaintiffs now argue that the Dissemination Restriction

---

[4] Defendants Jewett, Hamilton, and Flannagan are the circuit court clerks for the cities of Richmond, Roanoke, and Bristol, respectively.

infringes on the speech of David Lacy, a Virginia-licensed attorney.  The plaintiffs allege that they have asked Mr. Lacy on several occasions to provide them with copies of civil court pleadings through OCRA, but Mr. Lacy informed them that the Dissemination Restriction prohibited him from doing so.  Accordingly, the plaintiffs request this court enjoin the defendants from prohibiting the dissemination of public court records and information accessed via OCRA and declare the Dissemination Restriction unconstitutional.[5]

All defendants have moved to dismiss the case, asserting sovereign immunity and lack of standing.[6]  Separately, the defendant clerks assert that the plaintiffs' as-applied challenge to the Dissemination Restriction is not ripe, and defendant Hade asserts that the plaintiffs have failed to show that the Dissemination Restriction violates the First Amendment.  Additionally, the plaintiffs have conditionally moved to amend their complaint and have requested this court take judicial notice.[7]  Dkt.

---

[5]    The plaintiffs assert jurisdiction under 28 U.S.C. §§ 1331, 1343, and 2201. Compl. ¶ 14, Dkt. No. 1.

[6] Defendant Hade only challenges standing as to plaintiff Lee.

[7] The plaintiffs specified that their motion to amend is contingent upon this court's grant of the motions to dismiss.  Pls.' Mot. for Leave to Amend 2, Dkt. No. 49.  While the plaintiffs did not specify whether their request for judicial notice, Pls.' Req. Jud. Notice, Dkt. No. 50, is also contingent upon the disposition of the motions to dismiss, I will also treat the request as conditional upon this court's grant of the motions to dismiss.  Thus, I will deny both of plaintiff's motions as moot.

Nos. 49, 50. All pending motions have been fully briefed and argued and are now ripe for review.

## II. STANDARDS OF REVIEW.

A Rule 12(b)(1) motion challenges a court's jurisdiction over a case. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Id.* Dismissal under Rule 12(b)(1) is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the plaintiff must state that "a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based on its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a complaint, the court accepts as true all well-pleaded facts. *Id.* Although a complaint does not need detailed factual allegations to survive a motion to dismiss, it must contain more than labels, conclusions, and a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. DISCUSSION.

### A. Sovereign Immunity.

The defendants first contend that this court lacks subject-matter jurisdiction because of sovereign immunity. The Eleventh Amendment generally immunizes states from being sued in federal court by private parties. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). This immunity also extends to state officers sued in their official capacity. *Alden v. Maine*, 527 U.S. 706, 756 (1999). But private parties may sue state officials for prospective, injunctive relief to prevent them from enforcing state laws that run afoul to federal law. *Whole Woman's Health*, 595 U.S. at 39; *Ex parte Young*, 209 U.S. 123, 155–56 (1908) (explaining that the immunity exception applies to state officials who have "some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings . . . to enforce against parties affected [by] an unconstitutional act, violating the Federal Constitution"); *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (stating that courts "must find a 'special relation' between the officer being sued and the challenged statute before invoking the [*Ex parte Young*] exception") (quoting *Ex parte Young*, 209 U.S. at 157). Upon finding that a party is entitled to sovereign immunity, courts are required to dismiss a suit for lack of subject-matter jurisdiction. *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018).

First, defendant Hade argues that he lacks the requisite authority to enforce the challenged statute. He previously raised the same argument before the district court. *Courthouse News Serv.*, 580 F. Supp. 3d at 289. There, the district court found that Courthouse News had adequately alleged that OES had previously denied Courthouse News access to OCRA. *Id.* at 294–95. Consequently, the court concluded that, "even accepting Defendant Hade's argument that he does not have unilateral control over court records inside of OCRA, [Courthouse News] has adequately alleged that he maintains a 'special relation' to the challenged policy and has 'acted or threatened' to enforce it." *Id.* at 295 (quoting *McBurney*, 616 F.3d at 402).

In this suit, the Complaint alleges that OES "created, provides, supports and maintains OCRA for Virginia court clerks," requires circuit court clerks include the Dissemination Restriction in OCRA subscription agreements, and that — as the Executive Secretary of OES — defendant Hade is the administrator of the Virginia circuit court system. Compl. ¶ 20, Dkt. No. 1. These facts plausibly allege that defendant Hade has a special relation to the Dissemination Restriction. With respect to whether defendant Hade has acted or threatened to enforce the restriction, I find that the plaintiffs "have alleged an actual and well-founded fear that the law will be enforced against them" given that Mr. Lacy has informed them on several occasions that he is prohibited from disseminating the information he obtains through OCRA.

*Virginia v. Am. Booksellers Ass'n,* 484 U.S. 383, 393 (1988), (certifying questions to Supreme Court of Virginia) (discussing pre-enforcement in the First Amendment context); *cf. Overbey v. Mayor of Baltimore*, 930 F.3d 215, 228 (4th Cir. 2019) (recognizing that a willing speaker may "choose[] not to" provide information to the news media because he "does not want to violate a settlement agreement with the government"). Thus, sovereign immunity does not bar the current suit against defendant Hade.

Similarly, the defendant clerks argue that they lack the requisite authority to enforce the Dissemination Restriction. Alternatively, they argue that any authority they have to revoke OCRA access is discretionary and thus falls outside the scope of state actions subject to suit. *See Ex parte Young*, 209 U.S. at 158 (explaining that the exception to immunity only applies "where the officer having some duty to perform not involving discretion . . . refuses or neglects to take such action").

The Complaint contains several factual allegations that plausibly establish the defendant clerks' enforcement authority. For example, the plaintiffs allege that the defendant clerks are charged with the maintenance and dissemination of non-confidential court records, and that circuit court clerks are authorized to make such records available for viewing — both in person and online — for the press and public. On the corollary, the Complaint asserts that circuit court clerks "may deny secure remote access to ensure compliance" with the Virginia Code. Compl. ¶ 57,

Dkt. No. 1 (quoting Va. Code Ann. § 17.1-293(H)).  Thus, even though the *Ex parte Young* exception generally does not apply to court clerks because they are not normally charged with enforcing state laws, *Whole Woman's Health*, 595 U.S. at 40, I find that the plaintiffs have sufficiently alleged that the defendant clerks maintain a special relation to the Dissemination Restriction, and that they "have alleged an actual and well-founded fear" of enforcement.  *Am. Booksellers Ass'n,* 484 U.S. at 393.

I also find unpersuasive the defendant clerks' argument that any authority they have to revoke OCRA access is discretionary and thus not subject to the *Ex parte Young* exception.   The Fourth Circuit has distinguished between applying the exception to actions that order state officials to comply with federal law from actions that instruct state officials on how to use their discretion in complying with the law. *Antrican v. Odom*, 290 F.3d 178, 191 (4th Cir. 2002).  In this case, the plaintiffs are not challenging the defendant clerks' discretion to revoke OCRA access for certain subscribers over others.  Rather, they are challenging the Dissemination Restriction as a violation of federal law.  I find that sovereign immunity does not prohibit the present suit against the defendant clerks.

### B.  Standing.

To establish Article III standing, a plaintiff must show that she has suffered (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent,

not conjectural or hypothetical," (2) the injury must be "fairly traceable to the challenged action of the defendant," and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citation omitted). In First Amendment cases, prudential limitations on standing requirements have been relaxed. *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984) ("[W]hen there is a danger of chilling free speech, the concern that constitutional adjudication be avoided whenever possible may be outweighed by society's interest in having the statute challenged."); *Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013).

In *Courthouse News I*, the Fourth Circuit denied Courthouse News's challenge to the Dissemination Restriction for lack of standing after determining that the restriction "applies only to individuals with remote online access to court records." *Courthouse News Serv.*, 126 F.4th at 917. However, the court suggested that Courthouse News could have established a derivative injury by asserting a right to receive speech. *Id.* "[T]o have standing to assert a right to receive speech, a plaintiff must show that there exists a speaker willing to convey the information to her." *Stephens v. Cnty. of Albemarle*, 524 F.3d 485, 492 (4th Cir. 2008). "[A] person qualifies as a willing speaker if she would be willing to provide information on a matter of public significance to the news media but chooses not to because she does

-11-

not want to violate a settlement agreement with the government." *Overbey*, 930 F.3d at 228. But because Courthouse News "ha[d] not identified anyone who would redistribute data from OCRA to Courthouse News absent the Dissemination Restriction," the court declined to find that any indirect injuries had been established. *Courthouse News Serv.*, 126 F.4th at 917.

In this case, the plaintiffs have identified Virginia-licensed attorney David Lacy as a speaker willing to convey speech to them. Specifically, the Complaint alleges that the plaintiffs have asked Mr. Lacy on several occasions to provide them with copies of civil complaints from his OCRA account, but that he has informed them that the Dissemination Restriction prevents him from doing so. Therefore, the plaintiffs have plausibly alleged that the restriction infringes on their right to receive information. Moreover, they have sufficiently alleged causality in that, but for the restriction, Mr. Lacy would have provided the plaintiffs with the requested information and have also asserted that a favorable decision would redress the alleged burden imposed by the Dissemination Restriction. I find that the plaintiffs have standing to bring this suit.

## C. Ripeness.

While standing considers who may bring suit, ripeness considers when a plaintiff may bring suit. The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract

disagreements over administrative policies" and "protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). "Where an injury is contingent upon a decision to be made by a third party that has not yet acted, it is not ripe as the subject of decision in a federal court." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). Like standing, "ripeness requirements are also relaxed in First Amendment cases" due to the chilling effect of potentially unconstitutional infringements on speech. *Cooksey*, 721 F.3d at 240.

The defendant clerks contend that the as-applied challenge to the Dissemination Restriction is unripe because the Complaint has failed to allege that they revoked any OCRA subscriber's access, including Mr. Lacy's. But as explained above, the plaintiffs have sufficiently alleged that, but for the threat of having his OCRA access revoked, Mr. Lacy would have provided them with copies of records he obtained via OCRA. *See id.* at 240 (finding a plaintiff's claim to be ripe when the factual record failed to indicate that the plaintiff was free from "the threat of penalty") (quoting *Va. Soc'y for Hum. Life, Inc. v. FEC*, 263 F.3d 379, 390 (4th Cir. 2001). The present action is ripe for review.

-13-

*D. First Amendment.*

The plaintiffs allege that the Dissemination Restriction constitutes a prior restraint on protected speech in violation of the First Amendment right to newsgathering. Prior restraints are "administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (internal quotation marks and citation omitted). "Any prior restraint on expression comes to [a court] with a heavy presumption against its constitutional validity." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 558 (1976) (internal quotation marks and citations omitted). Examples of prior restraints include temporary restraining orders and permanent injunctions. *Alexander*, 509 U.S. at 550. "A prior restraint . . . has an immediate and irreversible sanction" and freezes speech "at least for the time." *Neb. Press Ass'n*, 427 U.S. at 559 (internal quotation marks omitted). Thus, prior restraints are distinguishable from subsequent punishments. *Alexander*, 509 U.S. at 553–54.

Although the Fourth Circuit dismissed the challenge to the Dissemination Restriction for lack of standing in *Courthouse News I*, Judge Gregory discussed the merits in his dissent. Specifically, Judge Gregory found that the Dissemination Restriction constituted a prior restraint subject to strict scrutiny for "impos[ing] sanctions on the publication of truthful information contained in official court

records open to public inspection.'" *Courthouse News Serv.*, 126 F.4th at 925 (Gregory, J., dissenting) (quoting *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 495 (1975)); *see also Soderberg v. Carrion*, 999 F.3d 962, 966–67 (4th Cir. 2021) (holding that strict scrutiny was the proper standard of review for evaluating the constitutionality of a ban that prohibited the broadcasting of official court recordings of criminal proceedings but allowed for other means of disseminating the same information).

IV. CONCLUSION.

Here, the plaintiffs have plausibly alleged that the Dissemination Restriction constitutes a prior restraint on speech for prohibiting the dissemination of certain information to the public. Thus, for the restriction to be upheld, the defendants would need to show that it is narrowly tailored to serve a compelling government interest. *Reed v. Town of Gilbert,* 576 U.S. 155, 171 (2015). While the defendants have asserted their interest in protecting the privacy and security of litigants, the plaintiffs' allegations could reasonably support the conclusion that the Dissemination Restriction is not the least restrictive means for protecting that interest. I thereby find that the plaintiffs have made a plausible showing that the Dissemination Restriction is a prior restraint that would not survive strict scrutiny.[8]

---

[8] Defendant Hade raises several other arguments as to why the Dissemination Restriction does not violate the First Amendment. Because the plaintiffs have plausibly

For these reasons, it is **ORDERED** that the defendants' Motions to Dismiss, Dkt. Nos. 38, 39, 41, 43, are DENIED and the plaintiffs' Leave to Amend Complaint, Dkt. No. 49, and Request for Judicial Notice, Dkt. No. 50, are DENIED.

ENTER:   May 5, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

alleged that the Dissemination Restriction constitutes a prior restraint in violation of the First Amendment, I need not reach the merits of these arguments.