UNITED STATES DISTRICT COURT
For the Western District of Virginia
Abingdon Division

| | |
|---|---|
| COURTHOUSE NEWS SERVICES, et al., | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-00075 |
| | ) |
| KARL R. HADE, in his official capacity as | ) |
| Exec. Sec'y of the Office of Exec. Sec'y of the | ) |
| Supreme Ct. of Va., *et al.* | ) |
| | ) |
| *Defendants.* | ) |

## HADE'S ANSWER

The Defendant, Karl R. Hade ("Hade"), by counsel, submits the following as his answer to the complaint.

1.      Hade denied the citation for *Courthouse News Serv. v. Schaefer*, was accurately set forth, but admits the allegations in Paragraph 1 of the Complaint.

2.      Hade admits that the block quote in Paragraph 2 is accurately transcribed but denies that the quote supports an unqualified "right of contemporaneous access." All other allegations of fact are denied.

3.      Hade denies any allegations of fact in Paragraph 3.

4.      Hade denies any allegations of fact in Paragraph 4.

5.      Hade admits the allegations of fact in Paragraph 5.

6.      Hade admits the allegations of fact in Paragraph 6.

7.      Hade admits the allegations of fact in Paragraph 7, although they are an incomplete statement of the Fourth Circuit's ruling on Courthouse News Services' lack of standing to challenge the access restriction.

1

8. Hade admits the allegations of fact in Paragraph 8.

9. Hade denies the allegations of fact in Paragraph 9.

10. Hade has insufficient information to admit or deny the allegations in Paragraph 10; therefore, the allegations are denied.

11. Hade denies the allegations of fact in Paragraph 11.

12. Hade denies the allegations of fact in Paragraph 12.

13. Hade denies the allegations of fact in Paragraph 13.

14. Hade denies the allegations of fact in Paragraph 14.

15. Hade admits the allegations of fact in Paragraph 15.

16. Hade admits that the Roanoke and Bristol Clerks' primary place of business is within this district and that the defendants all reside in Virginia but deny that a substantial part of the events or omissions giving rise to Plaintiffs' claims originated in the Abingdon Division. All other allegations of fact in Paragraph 16 not specifically admitted above are hereby denied.

17. Hade admits that the Bristol Clerk's primary place of business is in the Abingdon Division and Defendants all have their principal place of business in Virginia. Hade denies that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Abingdon Division. All other allegations of fact in Paragraph 17 not expressly admitted above are hereby denied.

18. Hade has insufficient information to admit the allegations of fact in Paragraph 18; therefore, the allegations are denied.

19. Hade has insufficient information to admit the allegations of fact in Paragraph 19; therefore, the allegations are denied.

2

20.     Hade denies that the Executive Secretary or those acting at his direction and under his supervision are involved with or responsible for the enforcement of the Dissemination Restriction. He lacks sufficient information to admit the allegation that OES bills $1.2 million to Virginia circuit court clerks annually for maintenance fees; therefore, that allegation is also denied. All other allegations of fact in Paragraph 20 are admitted.

21.     Hade denies that the Richmond Clerk is "responsible" for enforcing the Dissemination Restriction, rather he is vested with the statutory discretion to enforce it by revoking access if he determines that is appropriate. Hade admits all other allegations of fact in Paragraph 21.

22.     Hade admits the allegations in Paragraph 22.

23.     Hade denies that the Clerk for the Circuit Court of the City of Roanoke, Virginia is "responsible" for enforcing the Dissemination Restriction, rather she is vested with the statutory discretion to enforce it by revoking access if she determines that is appropriate. Hade admits all other allegations of fact in Paragraph 23.

24.     Hade admits the allegations in Paragraph 24.

25.     Hade denies that the Clerk for the Circuit Court of the City of Bristol, Virginia is "responsible" for enforcing the Dissemination Restriction, rather she is vested with the statutory discretion to enforce it by revoking access if she determines that is appropriate. Hade admits all other allegations of fact in Paragraph 25.

26.     Hade admits the allegations in Paragraph 26.

27.     Paragraph 27 refers to unspecified "actions." Hade does not know what these "actions" refer to. Therefore, the allegations in Paragraph 27 are denied for lack of specificity.

28.     Hade denies the allegations of fact in Paragraph 28.

3

29. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 29; therefore, the allegations are denied.

30. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 30; therefore, the allegations are denied.

31. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 31; therefore, the allegations are denied.

32. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 32; therefore, the allegations are denied.

33. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 33; therefore, the allegations are denied.

34. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 34; therefore, the allegations are denied.

35. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 35; therefore, the allegations are denied.

36. Hade admits the allegations in Paragraph 36.

37. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 37; therefore, the allegations are denied.

38. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 38; therefore, the allegations are denied.

39. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 39; therefore, the allegations are denied.

40. Hade has insufficient information to admit or deny the allegations of fact in Paragraph 40; therefore, the allegations are denied.

41.    Hade admits that some southern and western Virginia circuit courts are located hundreds of miles from the more populated metro areas of Washington, D.C., Richmond, and Hampton Roads. All other allegations of fact in Paragraph 41 are denied, due to lack of sufficient information.

42.    Hade has insufficient information to admit or deny the allegations of fact in Paragraph 42; therefore, the allegations are denied.

43.    Admit that Lacy has a subscription to the Richmond Circuit Court OCRA database and that the Virginia Code's Dissemination Restriction and the OCRA agreement Lacy would have agreed to in order to become a subscriber prohibits Lacy from sending a Complaint downloaded from the Richmond Circuit Court OCRA database to CNS to share on their paywalled online database, where out-of-state subscribers can download it. All other allegations of fact in Paragraph 43 are denied due to lack of sufficient information to admit.

44.    In response to Paragraph 44, Hade denies that a Virginia-licensed lawyer turned reporter could not use their OCRA access to report on newsworthy cases the lawyer accessed through an OCRA database. All other allegations of fact in Paragraph 44 are admitted.

45.    Hade has insufficient information to admit or deny the allegations of fact in Paragraph 45; therefore, the allegations are denied.

46.    Hade has insufficient information to admit or deny the allegations of fact in Paragraph 46; therefore, the allegations are denied.

47.    Hade has insufficient information to admit or deny the allegations of fact in Paragraph 47; therefore, the allegations are denied.

48.    Hade has insufficient information to admit or deny the allegations of fact in Paragraph 48; therefore, the allegations are denied.

49.     Hade has insufficient information to admit or deny the allegations of fact in Paragraph 49; therefore, the allegations are denied.

50.     Hade has insufficient information to admit or deny the allegations of fact in Paragraph 50; therefore, the allegations are denied.

51.     Hade has insufficient information to admit or deny the allegations of fact in Paragraph 51; therefore, the allegations are denied.

52.     Hade admits the allegations of fact in Paragraph 52.

53.     Hade admits the allegations of fact in Paragraph 53.

54.     Hade admits the allegations of fact in Paragraph 54.

55.     Hade denies the allegations of fact in Paragraph 55.

56.     Hade denies the allegations of fact in Paragraph 56.

57.     Hade admits the allegations of fact in Paragraph 57.

58.     Hade has insufficient knowledge to affirm that every circuit court uses the same application, requiring notarization, to get OCRA access. Therefore, that allegation is denied. All other allegations of fact in Paragraph 58 are admitted.

59.     Hade admits the allegations of fact in Paragraph 59.

60.     Hade denies the allegations of fact in Paragraph 60.

61.     Hade denies the allegations of fact in Paragraph 61.

62.     Hade denies the allegations of fact in Paragraph 62.

63.     Hade admits the allegations of fact in Paragraph 63.

64.     Hade admits the allegations of fact in Paragraph 64.

65.     Hade admits the allegations of fact in Paragraph 65.

66.    Hade admits that the content of records accessible via OCRA is identical to the content of court records that are publicly accessible at the courthouse. Hade denies all other allegations of fact in Paragraph 66.

67.    Hade denies the allegations of fact in Paragraph 67.

68.    Hade admits the allegations of fact in Paragraph 68.

69.    Hade has insufficient evidence to admit the allegations of fact in Paragraph 69; therefore, those allegations are denied.

70.    Hade admits that Courthouse News journalists made the claims set forth in Paragraph 70 but denies the accuracy of any of the factual allegations in Paragraph 70 or in Exhibit 6.

71.    Hade denies the allegations of fact in Paragraph 71.

72.    Hade denies the allegations of fact in Paragraph 72.

73.    In response to Paragraph 73 Hade admits that claim appears in that pleading, but denies it is an accurate statement of fact.

74.    In response to Paragraph 74, Hade admits that the Dissemination Restriction prohibits Plaintiffs from relying on legal counsel, other Virginia lawyers, or lawyers granted access to OCRA because they are admitted pro hac vice in a jurisdiction to provide them with copies of newsworthy complaints that were downloaded from OCRA. Hade has insufficient information to admit the allegation that this is "common practice across newsrooms around the country"; therefore, that allegation is denied.

75.    In response to Paragraph 75, Hade admits the dissemination restriction prohibits counsel from providing Plaintiffs with access to downloaded court pleadings but denies all other allegations of fact.

76.     Hade denies the allegations of fact in Paragraph 76.

77.     Hade admits that attorney David Lacy is prohibited from downloading a pleading from OCRA and sending it to a reporter by the terms of his subscriber agreement with the Richmond Circuit Court Clerk. All other allegations of fact in Paragraph 77 are denied.

78.     Hade has insufficient information to admit the allegations in Paragraph 78; therefore, the allegations are denied.

79.     Hade has insufficient information to admit the allegations in Paragraph 79; therefore, the allegations are denied.

80.     In response to Paragraph 80, Hade has insufficient knowledge to admit the allegations of fact; therefore, all allegations are denied.

81.     In response to Paragraph 81, Hade denies the allegations of fact.

82.     Hade has insufficient knowledge to admit the allegations of fact in Paragraph 82; therefore, the allegations are denied.

83.     Hade has insufficient information to admit the allegations in Paragraph 83; therefore, the allegations are denied.

84.     Hade has insufficient information to admit the allegations in Paragraph 84; therefore, the allegations are denied.

85.     In response to Paragraph 86, Hade incorporates and realleges his response to Paragraphs 1 through 85 as set forth above.

86.     Hade denies the allegations of fact in Paragraph 87.

87.     Hade admits the allegations of fact in Paragraph 88.

88.     Hade denies the allegations of fact in Paragraph 89.

89.     Hade denies the allegations of fact in Paragraph 90.

8

90.     Hade denies the allegations of fact in Paragraph 91.

91.     Hade denies the allegations of fact in Paragraph 92.

92.     Hade denies any allegations of fact in the paragraph beginning "Wherefore," and all of its subparts, including but not limited to that Plaintiffs could obtain an injunction against Hade that would prevent him or OES from "prohibiting the dissemination of public court records obtained from OCRA" when he and OES have no authority to permit or prohibit anyone from accessing or disseminating court records, which are the purview of court clerks.

93.     Hade denies any allegation of fact not specifically admitted above.

94.     Hade affirmatively avers that the Plaintiffs lack standing to bring this action against him.

95.     Hade affirmatively avers that he has sovereign immunity from suit as enshrined in the Eleventh Amendment because he lacks a special relationship to the statute being challenged.

Wherefore, for the reasons stated above, Hade respectfully requests that this Court dismiss this action with prejudice and award them any other relief deemed appropriate under the circumstances, including attorney's fees, costs, and expenses as a prevailing party under 42 U.S.C. § 1988, and as otherwise deemed appropriate.

Respectfully submitted,

Jay C. Jones

*Attorney General of Virginia*

Gretchen E. Nygaard

*Deputy Attorney General*

Jacqueline C. Hedblom

*Senior Assistant Attorney General*

KARL R. HADE

By Counsel:

_____/s/ Erin R. McNeill_____
Erin R. McNeill (VSB# 78816)*
Senior Assistant Attorneys General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone (ERM): (804) 692-0598
Facsimile (ERM): (804) 371-0200

9

Email (ERM): EMcneill@oag.state.va.us
*Counsel of Record for Hade*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Erin R. McNeill
Erin R. McNeill (VSB No. 78816)
Senior Assistant Attorney General

10