**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Abingdon Division**

COURTHOUSE NEWS SERVICE, *et al.*,

    Plaintiffs,

v.                                             Civil Action No. 1:25-cv-75-JPJ-PMS

KARL R. HADE, *et al.,*

    Defendants.

**THE CLERKS' ANSWER TO THE COMPLAINT**

Defendants Edward Jewett, in his official capacity as the Clerk of the Circuit Court for the City of Richmond, Virginia (the "Richmond Clerk"), Brenda Hamilton, in her official capacity as the Clerk of the Circuit Court for the City of Roanoke, Virginia (the "Roanoke Clerk"), and Kelly Flannagan, in her official capacity as the Clerk of the Circuit Court for the City of Bristol, Virginia (the "Bristol Clerk," and together with the Richmond Clerk and the Roanoke Clerk, the "Clerks"), state as follows for their Answer to the Complaint (ECF No. 1) filed in this case.

1.    The allegations in paragraph 1 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

2.    The allegations in paragraph 2 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

3.    The allegations in paragraph 3 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

4.    The Clerks admit that Virginia's Officer of the Court Remote Access system ("OCRA") is an application that makes images of nonconfidential court records available for secure online viewing by Virginia-licensed attorneys and their staff, attorneys admitted *pro hac*

*vice*, and authorized governmental agencies. The allegations concerning the content and meaning of the specific Virginia Code sections referenced in this paragraph contain legal conclusions for which no response is required. The remaining allegations contained in paragraph 4 are denied.

5.      The Clerks admit that, in *Courthouse News Serv. v. Hade*, Case No. 3:21-cv-460-HEH, 631 F. Supp. 3d 349 (E.D. Va. 2022),  the District Court found the provisions of Virginia Code § 17.1-293 to be constitutional and granted summary judgment to defendants. The remaining allegations in this paragraph contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

6.      The allegations in paragraph 6 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

7.      The allegations in paragraph 7 contain legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

8.      The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

9.      Denied.

10.      The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

11.      The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

12.      The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

13.      Denied.

14.    The allegations in paragraph 14 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

15.    The Clerks admit they are citizens and residents of Virginia. The remaining allegations in the paragraph contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

16.    The allegations in paragraph 16 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

17.    The allegations in paragraph 17 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

18.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

19.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

20.    The Clerks admit that Karl R. Hade is the Executive Secretary of the Office of the Executive Secretary of the Supreme Court of Virginia ("OES"). The allegations concerning specific Virginia Code sections referenced in this paragraph contain legal conclusions for which no response is required. The Clerks lack sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

21.    The Clerks admit that Mr. Jewett is the elected Clerk of the Circuirt Court for the City of Richmond, Virginia. The Richmond Clerk further admits that he is the statutory custodian of court records for the Richmond Circuit Court and that he ensures that such records are properly maintained. The Clerks deny the remaining allegations contained in this paragraph.

22.    The Richmond Clerk admits the allegations contained in paragraph 22. The Roanoke Clerk and the Bristol Clerk lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

23.    The Clerks admit that Ms. Hamilton is the elected Clerk of the Circuirt Court for the City of Roanoke, Virginia. The Roanoke Clerk further admits that she is the statutory custodian of court records for the Roanoke Circuit Court and that she ensures that such records are properly maintained. The Clerks deny the remaining allegations contained in this paragraph.

24.    The Roanoke Clerk admits the allegations contained in paragraph 24. The Richmond Clerk and the Bristol Clerk lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

25.    The Clerks admit that Ms. Flannagan is the elected Clerk of the Circuirt Court for the City of Bristol, Virginia. The Bristol Clerk further admits that she is the statutory custodian of court records for the Bristol Circuit Court and that she ensures that such records are properly maintained. The Clerks deny the remaining allegations contained in this paragraph.

26.    The Bristol Clerk admits the allegations contained in paragraph 26. The Richmond Clerk and the Roanoke Clerk lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

27.    The allegations in paragraph 27 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

28.    Denied.

29.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

30.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

31.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

32.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

33.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

34.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

35.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

36.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

37.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

38.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

39.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

40.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

41.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

42.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

43.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

44.     The Clerks lack sufficient information to admit or deny the allegations in the first two sentences in this paragraph and, therefore, deny the same. The Clerks deny the remaining allegations contained in this paragraph.

45.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

46.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

47.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

48.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

49.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

50.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

51.     The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

52.     The Clerks admit that the quotation from Virginia Code § 17.1-242 cited in this paragraph is accurate. The remaining allegations contained in this paragraph are denied.

53.     The Clerks admit that the quotation from Virginia Code § 17.1-502(A) cited in this paragraph is accurate. The Clerks lack sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

54.     The allegations in paragraph 54 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

55.     The Clerks admit that they offer remote online access to nonconfidential court records in their courts through OCRA. The Clerks lack sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

56.     The allegations in paragraph 56 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

57.     The Clerks admit that the quotation from Virginia Code § 17.1-293(H) cited in this paragraph is accurate. The remaining allegations in paragraph 57 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

58.     The Clerks admit that they require individual OCRA users to submit a completed application for remote access to the Case Imaging System (CIS) for their respective courts (OCRA), which incorporates by reference their Subscriber Agreements for Remote Access to the CIS for their courts (OCRA). Subscribers must also pay a subscription fee for OCRA access. The Richmond Clerk admits that accurate copies of the Richmond Clerk's Application for OCRA Access and his OCRA Subscriber Agreement are attached to the Complaint as Exhibit 3. The Richmond Clerk's Application for OCRA Access and his OCRA Subscriber Agreement speak for

themselves. The Richmond Clerk denies the remaining allegations contained in this paragraph. The Roanoke Clerk and the Bristol Clerk lack sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

59.    The Ronaoke Clerk and the Bristol Clerk admit that accurate copies of their respective Applications for OCRA Access and their OCRA Subscriber Agreements in their courts are attached to the Complaint as Exhibits 4 and 5. The Roanoke and Bristol Clerks' Applications for OCRA Access and their OCRA Subscriber Agreements speak for themselves. The Roanoke Clerk and the Bristol Clerk deny the remaining allegations contained in this paragraph. The Richmond Clerk lacks sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies the same.

60.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

61.    The first sentence of paragraph 61 contains legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied. The Clerks lack sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same. The Clerks specifically deny the allegation in the last sentence of this paragraph.

62.    Denied.

63.    Admitted.

64.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

65.    Admitted.

8

66.    The Clerks admit that there is no difference between the nonconfidential court records available on the public access terminals at their courthouses and the documents that OCRA subscribers may view remotely over the Internet through OCRA. The remaining allegations contained in this paragraph are denied.

67.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

68.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

69.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

70.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

71.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

72.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

73.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

74.    The allegations in paragraph 74 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied. The Clerks lack sufficient information to admit or deny the allegation that this is "a common practice across newsrooms around the country," and therefore, deny the same.

9

75.    The first sentence in paragraph 75 contains legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied. The Clerks lack sufficient information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

76.    Denied.

77.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

78.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

79.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

80.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

81.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

82.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

83.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

84.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

85.    The Clerks lack sufficient information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

86.     The Clerks incorporate and restate their responses to the allegations in paragraphs 1 through 85 as if fully set forth herein.

87.     Denied.

88.     The allegations in paragraph 88 contain legal conclusions for which no response is required. To the extent a response is deemed required, the allegations are denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     The Clerks deny any allegations in the Complaint that are not expressly admitted above.

94.     The Clerks deny that Plaintiffs are entitled to any relief sought against them in the Complaint, including the relief requested in each numbered paragraph under the Prayer for Relief heading.

## Affirmative and Other Defenses

1.     Plaintiffs fail to state a claim upon which relief can be granted. Specifically, Plaintiffs fail to plausibly allege that Va. Code § 17.1-293(H) constitutes a prior restraint on speech protected by the First Amendment.

2.     Plaintiffs lack standing to bring this First Amendment challenge to Va. Code § 17.1-293(H).

3.     Plaintiffs' claim is not ripe.

4.     Plaintiffs' claim against the Clerks is barred by the Eleventh Amendment.

5.      Pursuant to Virginia law, the Clerks provide remote online access to their nonconfidential court records for authorized OCRA subscribers. Access to OCRA is governed by Virginia Code § 17.1-293. The Clerks' Applications for OCRA Access and OCRA Subscriber Agreements comply with Virginia's legal requirements for making nonconfidential court records available on the Internet via OCRA.

6.      Adequate alternative channels of communication exist for the alleged speech because the court records at issue are available at each physical courthouse.

7.      To the extent they are the prevailing party in this anction, the Clerks request an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

Wherefore, for the reasons stated above, the Clerks respectfully request that this Court dismiss this action with prejudice and award them any other relief deemed just and appropriate.

Respectfully submitted,


**EDWARD JEWETT**, in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia;

**BRENDA HAMILTON**, in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia; and

**KELLY FLANNAGAN**, in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia

By: _____/s/ Peter Askin_____
William W. Tunner (VSB No. 38358)
William D. Prince IV (VSB No. 77209)
Rachel W. Adams (VSB No. 92605)
Peter S. Askin (VSB No. 93371)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
Email: wtunner@t-mlaw.com
Email: wprince@t-mlaw.com
Email: radams@t-mlaw.com
Email: paskin@t-mlaw.com

*Counsel for Defendants Edward Jewett, Brenda Hamilton, and Kelly Flannagan*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2026, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to

counsel of record:

Roger Myers, *pro hac vice* forthcoming
Rachel Matteo-Boehm, *pro hac vice*
forthcoming
Carlie Tenenbaum, *pro hac vice* forthcoming
BRYAN CAVE LEIGHTON PAISNER LLP
3 Embarcadero Center, 7th Floor
2100 East Cary Street, Suite 310
San Francisco, California 94111
Telephone: (415) 675-3400
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com
carlie.tenenbaum@bclplaw.com

*Counsel for Plaintiffs Courthouse News
Service, Lee Enterprises, Incorporated
and Lee BHM LLC*

Dabney J. Carr IV, Esq.
Lauren H. Miller, Esq.
TROUTMAN PEPPER LOCKE LLP
P.O. Box 1122
Richmond, Virginia 23218
Telephone: (804) 697-1200
Facsimile: (805) 697-1339
dabney.carr@troutman.com
lauren.h.miller@troutman.com

*Counsel for Plaintiffs Courthouse News
Service, Lee Enterprises, Incorporated
and Lee BHM LLC*

Erin R. McNeill (VSB No. 78816)
John D. Gilbody (VSB No. 42788)
Assistant Attorneys General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0598
emcneill@oag.state.va.us
jgilbody@oag.state.va.us

*Counsel for Defendant Karl R. Hade*

By:    /s/ Peter Askin
 Peter S. Askin (VSB No. 93371)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Email: paskin@t-mlaw.com
*Counsel for Defendants Edward Jewett,
Brenda Hamilton, and Kelly Flannagan*

14