## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
**Abingdon Division**

COURTHOUSE NEWS SERVICE; LEE
ENTERPRISES, INCORPORATED; AND
LEE BHM LLC, PUBLISHER OF THE
RICHMOND TIMES-DISPATCH, THE
ROANOKE TIMES, BRISTOL HERALD
COURIER, LYNCHBURG NEWS AND
ADVANCE, FREDERICKSBURG FREE
LANCE STAR AND THE DAILY
PROGRESS.

          Plaintiff,

v.

KARL R. HADE, in his official
capacity as Executive Secretary of the Office
of Executive Secretary of the Supreme Court
of Virginia,

and

EDWARD JEWETT, in his official
capacity as Clerk of the Circuit Court for the
City of Richmond, Virginia,

and

BRENDA HAMILTON, in her official
capacity as Clerk of the Circuit Court for the
City of Roanoke, Virginia,

and

KELLY FLANNAGAN, in her official
capacity as Clerk of the Circuit Court for the
City of Bristol, Virginia

          Defendants.

Civil Action No. 1:25-cv-00075-JPJ-PMS

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO CERTIFY AND STAY**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

I. DEFENDANTS DO NOT MEET ANY OF THE CRITERIA FOR CERTIFICATION, LET ALONE ALL OF THEM, AS REQUIRED FOR INTERLOCUTORY REVIEW ............... 3

      A.    The Standing Ruling Applied Clear Law, Which Leaves No Substantial Doubt Over Willing Speaker Requirements, and Reversal Could Only Result in Amendment .................................................................................................... 5

      B.    Defendants Fare No Better in Seeking to Certify the Prior Restraint Ruling ......... 7

      C.    Defendants Did Not Carry Their Burden of Showing Exceptional Circumstances ................................................................................................. 12

II. DEFENDANTS' MOTION TO STAY SHOULD BE DENIED OR LIMITED TO 90 DAYS ............................................................................................................................ 14

CONCLUSION ............................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander v. United States*,
509 U.S. 544 (1993)..................................................................................................9

*Audio MPEG, Inc. v. Creative Labs*,
2006 WL 8459380 (E.D. Va. Feb. 14, 2006)...........................................................5

*Baggett v. Bullitt*,
377 U.S. 360 (1964)..................................................................................................2

*Baudin v. Palo Alto Unified Sch. Dist.*,
2026 WL 370395 (N.D. Cal. Feb. 10, 2026) .........................................................10

*Billups v. City of Charleston, S.C.*,
961 F.3d 673 (4th Cir. 2020) ...................................................................................9

*CFPB v. Nexus Servs.*,
2023 WL 5019529 (W.D. Va. Aug. 7, 2023) ...........................................................4

*City of Lakewood v. Plain Dealer Pub'g Co.*,
486 U.S. 750 (1988)................................................................................................10

*City of Martinsville v. Express Scripts, Inc.*,
128 F.4th 265 (4th Cir. 2025) .................................................................................14

*Coakley v. Welch*,
877 F.2d 304 (4th Cir. 1989) ..................................................................................13

*Cooke-Bates v. Bayer Corp.*,
2010 WL 4789838 (E.D. Va. Nov. 16, 2010)...........................................................3

*Cooper v. Dillon*,
403 F.3d 1208 (11th Cir. 2005) ...............................................................................9

*Courthouse News Serv. v. Hade*,
580 F. Supp. 3d 289 (E.D. Va. 2022) ...................................................................2, 8

*Courthouse News Serv. v. Hade*,
631 F. Supp. 3d 349 (E.D. Va. 2022) .....................................................................11

*Courthouse News Serv. v. Smith*,
126 F.4th 899 (4th Cir. 2025) ........................................................................ *passim*

*CREW v. Trump*
  953 F.3d 178 (2d Cir. 2019), *as amended* (Mar. 20, 2020) .......................................1

*Davis v. E. Baton Rouge Par. Sch. Bd.*,
  78 F.3d 920 (5th Cir. 1996) ...........................................................................................8

*Difelice v. U.S. Airways, Inc.*,
  404 F. Supp. 2d 907 (E.D. Va. 2005) ...........................................................................13

*Doe v. Pub. Citizen*,
  749 F.3d 246 (4th Cir. 2014) ........................................................................................15

*Does v. Musk*,
  2026 WL 242062 (D. Md. Jan. 29, 2026)........................................................................6

*Drummond Co. v. Conrod & Scherer, LLP*,
  885 F.3d 1324 (11th Cir. 2018) .................................................................................4, 12

*Duke Univ. v. Endurance Risk Sols. Assurance Co.*,
  2021 WL 4597069 (E.D.N.C. Oct. 5, 2021) ................................................................13

*E. Tennessee Nat. Gas Co. v. 3.04 Acres in Patrick Cnty.*,
  2006 WL 626416 (W.D. Va. Mar. 9, 2006)..................................................................13

*Fannin v. CSX Transp.*,
  873 F.2d 1438, 1989 WL 42583 (4th Cir. 1989) ................................................. *passim*

*Geo Grp., Inc. v. Menocal*,
  607 U.S. --, 146 S. Ct. 774 (2026) .................................................................................1

*Gilmore v. Jones*,
  2019 WL 4417490 (W.D. Va. Sept. 16, 2019) ...............................................................6

*Giovani Carandola, Ltd. v. Bason*,
  303 F.3d 507 (4th Cir. 2002) ..........................................................................................9

*Hall v. Greystar Mgmt. Servs.*,
  193 F. Supp. 3d 522 (D. Md. 2016).............................................................................11

*Hayes v. U.S. Bank Tr., N.A.*,
  2024 WL 2155267 (W.D. Va. May 13, 2024) .................................................................3

*Houchins v. KQED, Inc.*,
  438 U.S. 1 (1978).............................................................................................................7

*Hunter v. Lasership, Inc.*,
  2025 WL 1774661 (E.D. Va. June 24, 2025) ..............................................................6, 7

*Indus. Servs. Grp. v. Dobson*,
    68 F.4th 155 (4th Cir. 2023) ..................................................................................1

*Int'l Refugee Assist. Project v. Trump*,
    404 F. Supp. 3d 946 (D. Md. 2019) ........................................................................5

*Commonwealth ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*,
    2015 WL 3540473 (E.D. Va. June 3, 2015) ..........................................................13

*Karanik v. Cape Fear Acad., Inc.*,
    2022 WL 16556774 (E.D.N.C. Oct. 31, 2022) .......................................2, 12, 14, 15

*KPMG Peat Marwick, LLP v. Est. of Nelco, Ltd.*,
    250 B.R. 74 (E.D. Va. 2000) ...................................................................................3

*Liverman v. City of Petersburg*,
    844 F.3d 400 (4th Cir. 2016) ................................................................................10

*McDaniel v. Mehfoud*,
    708 F. Supp. 754 (E.D. Va. 1989) .........................................................................11

*Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc.*,
    317 F.2d 741 (4th Cir. 1963) ................................................................................12

*Montgomery v. Johnson*,
    2008 WL 5422866 (W.D. Va. Dec. 30, 2008) ...................................................12, 16

*Moore v. Blue Ridge Bankshares, Inc.*,
    2023 WL 12007530 (W.D. Va. June 21, 2023) ...............................................4, 5, 6

*Moore v. Virginia Cmty. Bankshares, Inc.*,
    666 F. Supp. 3d 547 (W.D. Va. 2023) .....................................................................5

*In re Murphy-Brown, LLC*,
    907 F.3d 788 (4th Cir. 2018) ................................................................................11

*Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*,
    768 F. Supp. 3d 735 (D. Md. 2025) ......................................................................14

*Nat'l Ass'n of Immigr. Judges v. Owen*,
    160 F.4th 100 (4th Cir. 2025) ...............................................................................10

*Nat'l Fed'n of Blind v. FTC*,
    303 F. Supp. 2d 707 (D. Md. 2004) .......................................................................10

*Nebraska Press Ass'n v. Stuart*,
    427 U.S. 539 (1976) ..........................................................................................10, 11

iv

*Nken v. Holder,*
    556 U.S. 418 (2009) ...............................................................................................14

*Ostergren v. Frick,*
    2020 WL 1501918 (W.D. Mich. Mar. 30, 2020) ......................................................9

*Overbey v. Mayor of Baltimore,*
    930 F.3d 215 (4th Cir. 2019) ...........................................................................2, 5, 7, 9

*Pell v. Procunier,*
    417 U.S. 817 (1974) ...............................................................................................11

*Prince v. Johnson Health Tech Trading, Inc.,*
    2023 WL 3190403 (W.D. Va. May 1, 2023) ....................................................4, 5, 6, 12

*Puryear v. Cnty. of Roanoke,*
    71 F. Supp. 2d 551 (W.D. Va. 1999) ................................................................2, 15

*Puryear v. Cnty. of Roanoke,*
    214 F.3d 514 (4th Cir. 2000) ...............................................................................2

*Pyott-Boone Elecs. Inc. v. IRR Tr. for Donald L. Fetterolf Dated Dec. 9, 1997,*
    2013 WL 12318490 (W.D. Va. Mar. 21, 2013) .................................................2, 13

*Rivers v. United States,*
    2020 WL 6021465 (W.D. Va. Oct. 9, 2020) ...........................................................14

*United States ex rel. Schnupp v. Blair Pharmacy,*
    2025 WL 1331906 (D. Md. May 7, 2025) ............................................................4, 11

*Sealed Plaintiff 1 v. Front,*
    2024 WL 3642414 (E.D. Va. Aug. 2, 2024) .........................................................5, 6, 7

*Seattle Times Co. v. Rhinehart,*
    467 U.S. 20 ...........................................................................................................11

*Simpson v. Norfolk S. Ry. Co.,*
    2020 WL 6047695 (W.D. Va. Oct. 13, 2020) ..........................................................7

*Slone v. State Auto Prop. & Cas. Ins. Co.,*
    2021 WL 687697 (S.D.W. Va. Feb. 22, 2021) .......................................................15

*Soderberg v. Carrion,*
    999 F.3d 962 (4th Cir. 2021) ...............................................................................8, 11

*Stephens v. Cnty. of Albemarle,*
    2005 WL 3533428 (W.D. Va. Dec. 22, 2005) .........................................................10

*Stephens v. Cnty. of Albemarle*,
524 F.3d 485 (4th Cir. 2008) ...................................................................................5

*Suri v. Trump*,
2025 WL 1806692 (4th Cir. July 1, 2025)..............................................................15

*Swint v. Chambers Cnty. Comm'n*,
514 U.S. 35 (1995)....................................................................................................1

*Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*,
385 U.S. 23 (1966)....................................................................................................3

*Taylor v. Roswell Indep. Sch. Dist.*,
713 F.3d 25 (10th Cir. 2013) ....................................................................................9

*Terry v. June*,
368 F. Supp. 2d 538 (W.D. Va. 2005) ....................................................................13

*Trump v. D.C.*,
141 S. Ct. 1262 (2021)..............................................................................................1

*In re Trump*,
928 F.3d 360 (4th Cir. 2019) .........................................................................1, 4, 5, 6

*In re Trump*,
958 F.3d 274 (4th Cir. 2020) (en banc) .........................................................1, 4, 5, 6

*United Co. v. Keenan*,
2007 WL 9782467 (W.D. Va. Nov. 21, 2007) ............................................1, 3, 12

*United States v. Moore*,
703 F. Supp. 455 (E.D. Va. 1988) ..........................................................................13

*In re Wall St. J.*,
601 F. App'x 215 (4th Cir. 2015) .......................................................................5, 15

*Young v. Sheetz, Inc.*,
998 F. Supp. 670 (W.D. Va. 1998) ......................................................................3, 11

*Zinski v. Liberty Univ., Inc.*,
2025 WL 1001163 (W.D. Va. Apr. 3, 2025) ...........................................................6

**Constitutional Provisions & Statutes**

U.S. Const., Amend. I........................................................................................ *passim*

28 U.S.C. § 1292(b) .......................................................................................... *passim*

Virginia Code § 17.1-293(H)............................................................................. *passim*

**INTRODUCTION**

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Geo Grp., Inc. v. Menocal*, 607 U.S. --, 146 S. Ct. 774, 781 (2026) (quoting *Cobbledick v. United States*, 309 U.S. 323, 324 (1940)). Denial of a motion to dismiss on sovereign immunity grounds is among the "'small class' of decisions" in which "the finality rule gives ground and allows interlocutory appeals" under the collateral order doctrine. *Id.* (quoting *Cohen v. Beneficial Indus, Loan Corp.*, 337 U.S. 541, 546 (1949)).

All Defendants noticed appeals from that denial (Docs. 77, 78), but the Fourth "Circuit's authority immediately to review the District Court's denial of" sovereign immunity "did not include authority to review … the unrelated question[s]" in the Court's Opinion and Order of May 5 (Doc. 73), including on standing and "liability." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995); *Indus. Servs. Grp. v. Dobson*, 68 F.4th 155, 167 (4th Cir. 2023) (standing). Defendant Clerks thus filed a Motion to Certify Order for Interlocutory Appeal under 28 U.S.C. § 1292(b) (Doc. 87) but fail to demonstrate the "'exceptional circumstances'" this Court recognizes are required to "'justify a departure from the basic policy limiting appellate review to final judgments.'" *United Co. v. Keenan*, 2007 WL 9782467, *1 (W.D. Va. Nov. 21, 2007).[1] And their motion rests on a case the Circuit "subsequently agreed to hear … en banc, vacating the panel opinion" and rejecting the premise for which Defendants cite it. *In re Trump*, 958 F.3d 274, 281 (4th Cir. 2020) (en banc) (vacating *In re Trump*, 928 F.3d 360 (4th Cir. 2019)).[2]

---

[1] Unless otherwise noted, citations for quotations within quotations are omitted, emphases in **bold italics** are added and those only in *italics* were in the original.

[2] The panel decision on standing was also rejected by the Second Circuit when it reversed the district court ruling on which the panel relied to find a "'substantial ground for difference of opinion exists,'" *Trump*, 928 F.3d at 371. *CREW v. Trump* 953 F.3d 178, 194-98 (2d Cir. 2019), *as amended* (Mar. 20, 2020). The Supreme Court vacated as moot the Second Circuit and Fourth Circuit en banc decisions shortly after Trump left office. *Trump v. D.C.*, 141 S. Ct. 1262 (2021).

Defendant Clerks Motion seeks to certify the Court's rulings that Courthouse News Service ("CNS"), Lee Enterprises, Incorporated, and Lee BHM LLC ("Lee," and with CNS, "Plaintiffs") have "standing to bring this suit" under, among others, *Courthouse News Serv. v. Smith*, 126 F.4th 899, 917 (4th Cir. 2025) and *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 228 (4th Cir. 2019), and that they "plausibly alleged" that Virginia Code § 17.1-293(H) (the "Dissemination Restriction") "constitutes a prior restraint on speech." Order 10-12, 14-15; Mem. in Support of Mot. to Certify Order for Interlocutory Appeal 1 (Doc. 88) ("Mem.").

However, "resolution of these issues would not terminate the case." *Pyott-Boone Elecs. Inc. v. IRR Tr. for Donald L. Fetterolf Dated Dec. 9, 1997*, 2013 WL 12318490, *6 (W.D. Va. Mar. 21, 2013); *see Smith*, 126 F.4th at 917; *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289 (E.D. Va. 2022) ("*Hade I*"). As this Court has observed, that "stand[s] in contrast to the situations … in which the Fourth Circuit has generally approved of certification of an immediate appeal." *Pyott-Boone*, 2013 WL 12318490, *6. The resulting delay would therefore be inimical not only to the purposes underlying § 1292(b), but also the First Amendment. *See Baggett v. Bullitt*, 377 U.S. 360, 378-79 (1964) ("piecemeal adjudication … delaying ultimate adjudication on the merits … may inhibit the exercise of First Amendment freedoms" in the interim).

As for Defendants' Joint Motion to Stay, it is unnecessary for a stay "as a matter of law" on their sovereign immunity appeal, Mem. 1, and can be denied. There is no basis for a stay on an interlocutory appeal that should not be granted – or, indeed, even if for some reason it is. *Karanik v. Cape Fear Acad., Inc.*, 2022 WL 16556774, *6-7 (E.D.N.C. Oct. 31, 2022) (appeal certified but "public interest" weighed against issuing stay). Any stay should be limited to "not more than ninety days," which the Fourth Circuit can extend if necessary. *Puryear v. Cnty. of Roanoke*, 71 F. Supp. 2d 551, 554 (W.D. Va. 1999), *aff'd*, 214 F.3d 514 (4th Cir. 2000).

## I.

## DEFENDANTS DO NOT MEET ANY OF THE CRITERIA FOR CERTIFICATION, LET ALONE ALL OF THEM, AS REQUIRED FOR INTERLOCUTORY REVIEW

CNS and Lee "begin[] by emphasizing the gravity of the relief [Defendant Clerks] seek[]. Certification for interlocutory review under § 1292(b) is an 'extraordinary remedy' available only in 'exceptional situations.'" *Cooke-Bates v. Bayer Corp.*, 2010 WL 4789838, *2 (E.D. Va. Nov. 16, 2010) (quoting *Fannin v. CSX Transp.*, 873 F.2d 1438, 1989 WL 42583, *2 (4th Cir. 1989)). "[A] district court's discretion to certify an appeal under § 1292(b) [i]s 'circumscribed' and reserved for 'pivotal and debatable' orders." *Id.* (quoting *Swint,* 514 U.S. at 46). "As an exception to the general rule that a party may appeal only a final judgment," *Young v. Sheetz, Inc.*, 998 F. Supp. 670, 672-73 (W.D. Va. 1998), "the Fourth Circuit has stated that a § 1292(b) motion 'should be used sparingly and ... its requirements must be strictly construed.'" *Keenan*, 2007 WL 9782467 at *1 (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)). "'[T]o protect the integrity of the congressional policy against piecemeal appeals,' *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.,* 385 U.S. 23, 25 (1966)," interlocutory review "is not to be granted lightly." *Fannin.*, 873 F.2d 1438 at *2.

To certify an interlocutory appeal, § 1292(b) requires the court to find "that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion regarding the question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Keenan*, 2007 WL 9782467 at *1. "All three of these criteria must be satisfied for the court to grant leave to appeal an interlocutory order." *Hayes v. U.S. Bank Tr., N.A.*, 2024 WL 2155267, *2 (W.D. Va. May 13, 2024); *accord, e.g., KPMG Peat Marwick, LLP v. Est. of Nelco, Ltd.*, 250 B.R. 74, 79 (E.D. Va. 2000) ("If any one element is unsatisfied, leave to appeal cannot be granted.").

3

Defendant Clerks contend that if all three "statutory criteria exist, this court 'has "a *duty* … to allow an immediate appeal."'" Mem. 3 (quoting *Trump*, 928 F.3d at 369).  But that is not the law.  Not only was that opinion vacated, the en banc court held "'the President has not shown that he is entitled to a writ of mandamus compelling the district court to certify its orders for interlocutory review under § 1292(b).'" *United States ex rel. Schnupp v. Blair Pharmacy*, 2025 WL 1331906, *14 n.16 (D. Md. May 7, 2025) (rejecting same theory) (quoting *Trump*, 958 F.3d at 285), because the district court did not have "'a duty to do so.'" *Trump*, 958 F.3d at 281-82.

Rather, as courts have held before and after *Trump*, "[e]ven if the movant satisfies all three elements required to certify an order for appeal, 'the district court has unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent.'" *Moore v. Blue Ridge Bankshares, Inc.*, 2023 WL 12007530, *2 (W.D. Va. June 21, 2023) (quoting *Prince v. Johnson Health Tech Trading, Inc.*, 2023 WL 3190403, *2 (W.D. Va. May 1, 2023) (quoting *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013)); *accord, e.g., Drummond Co. v. Conrod & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018).

The point is moot, however, because neither ruling satisfies any of the elements, let alone all of them.  Nor do the Clerks show exceptional circumstances, even though they "'carr[y] 'the burden of persuading the court … that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Fannin*, 873 F.3d 438 at *2 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)); *accord, e.g., CFPB v. Nexus Servs.*, 2023 WL 5019529, *7 (W.D. Va. Aug. 7, 2023).  Consequently, "defendants have not met their **onerous burden** to demonstrate that the requirements for a discretionary interlocutory appeal have been satisfied or that this is the rare case where extraordinary circumstances justify an interlocutory appeal." *Prince*, 2023 WL 3190403 at *3.

**A.      The Standing Ruling Applied Clear Law, Which Leaves No Substantial Doubt Over Willing Speaker Requirements, and Reversal Could Only Result in Amendment**

Although "[s]tanding is a threshold jurisdictional in[quiry]," *Moore v. Virginia Cmty. Bankshares, Inc.*, 666 F. Supp. 3d 547, 553 (W.D. Va. 2023), it is often found "not appropriate" for "[i]nterlocutory appeal." *Moore*, 2023 WL 12007530 at *2 (not "a pure, controlling question of law"); *Sealed Plaintiff 1 v. Front*, 2024 WL 3642414, *5 (E.D. Va. Aug. 2, 2024) ("not a matter of first impression, and substantial ground for disagreement … does not exist"); *Audio MPEG, Inc. v. Creative Labs*, 2006 WL 8459380, *4 (E.D. Va. Feb. 14, 2006) ("any immediate appeal of the standing issue would not terminate litigation"); *Prince*, 2023 WL 3190403 at *3 (appeal would not "materially advance the outcome" ).  The same result should follow here.

On the first and third elements, Defendant Clerks' ***only*** argument is that the panel opinion in *Trump*, 928 F.3d at 371, established, apparently as a matter of law, that "the question of standing satisfies § 1292(b)'s criteria of being a controlling question of law the resolution of which could materially advance the end of the litigation." Mem. 7.  That is plainly not true.

Not only was that opinion vacated and its analysis rejected, "[i]n concluding that certification was warranted, the [panel] highlighted that the district court was the 'first ever to permit a party to pursue relief under the Emoluments Clauses' … [and] presented 'novel and difficult constitutional questions,' 'has national significance,' and 'could result in an unnecessary intrusion into the duties and affairs of a sitting president.'" *Int'l Refugee Assist. Project v. Trump*, 404 F. Supp. 3d 946, 950-51 (D. Md. 2019) (quoting *Trump*, 928 F.3d at 368-70).

That is not this case.  The standing issue here is neither "'novel'" nor "'difficult.'"  The Fourth Circuit has repeatedly held a "willing speaker" will support media standing to challenge a restriction on the speaker's ability to provide information.  *Smith*, 126 F.4th at 917; *Overbey*, 930 F.3d at 228; *In re Wall St. J.*, 601 F. App'x 215, 218 (4th Cir. 2015); *see also Stephens v. Cnty.*

5

*of Albemarle*, 524 F.3d 485, 492 (4th Cir. 2008). The Court's task was not to decide a pure question of law, but to apply settled law to the facts alleged. Order 11-12. But "'whether the district court properly applied settled law to the facts [alleged] or evidence of a particular case'" on standing does not present "'a pure, controlling question of law." *Moore*, 2023 WL 12007530 at *2 (quoting *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017)); *accord, e.g., Does v. Musk*, 2026 WL 242062, *2 (D. Md. Jan. 29, 2026).

Moreover, even a pure "'question of law would not be controlling "if the litigation would necessarily continue regardless of how that question were decided.""" *Zinski v. Liberty Univ., Inc.*, 2025 WL 1001163, *2 (W.D. Va. Apr. 3, 2025); *Fannin*, 873 F.3d 438 at *5. That is the case here; even if the Fourth Circuit could find David Lacy did not qualify as a willing speaker, any "'dismissal for lack of standing ... must be one without prejudice,'" *Smith*, 126 F.4th at 917, and CNS and Lee could amend to address whatever deficiency the Circuit identified.[3]

Finally, Defendant Clerks' confusion over, and attempt to relitigate, willing-speaker standing "fail[s] to assert a ground on which a substantial difference of opinion … could exist." *Sealed Plaintiff 1*, 2024 WL 3642414 at *5 ("A litigant's disagreement with a court's ruling does

---

[3] Some cases say issues may be "controlling, even though their resolution 'would not completely end the litigation,' [if] an immediate appeal would be "'serious to the conduct of the litigation,'" *Prince*, 2023 WL 3190403 at *2, such as by 'substantially shorten[ing] the litigation.'" *Id.* (quoting *Trump*, 928 F.3d at 371). But *Trump* merged the first element with the third. 928 F.3d at 371 ("'§ 1292(b) requires that resolution of a "controlling question of law ... may materially advance the ultimate termination of the litigation." … [This] means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation.'"). Indeed, this very standard has been applied to the third element, *Hunter v. Lasership, Inc.*, 2025 WL 1774661, *2 n.5 (E.D. Va. June 24, 2025); *see Gilmore v. Jones*, 2019 WL 4417490, *6 (W.D. Va. Sept. 16, 2019) (citing *Trump* on third element). And, as shown, "any adverse **appellate ruling on standing** would have **little impact on advancing the termination of this case** because Plaintiffs would have a substantial basis to seek, and the Court thus would almost certainly have to grant, leave to amend to insert the additional facts that would more conclusively demonstrate standing." *Musk*, 2026 WL 242062 at *3.

not establish a substantial ground for difference of opinion."). "A substantial ground for difference of opinion arises *only if the disagreement on controlling law exists between courts rather than parties.*" *Simpson v. Norfolk S. Ry. Co.*, 2020 WL 6047695, *3 (W.D. Va. Oct. 13, 2020).[4] "Additionally, a simple disagreement between courts will not merit certification; rather, a substantial ground for disagreement may arise when there is a novel and difficult issue of first impression, or if there is a circuit split and the controlling circuit has not commented on the conflicting issue." *Id.*; *accord, e.g., Hunter*, 2025 WL 1774661 at *2 n.4.

Defendant do not cite any "disagreement on controlling law between the courts." Indeed, they ignore controlling Fourth Circuit law, which makes clear the "right to gather news" is part and parcel of the "'right to receive information and ideas from a willing speaker.'" *Overbey*, 930 F.3d at 227-28 (quoting *Stephens*, 524 F.3d at 491).[5] Instead they cite inapposite "'non-binding precedent in other circuits'" that does "'not constitute substantial grounds for a difference of opinion'" even if it could "'counsel a different result.'" *Front*, 2024 WL 3642414 at *4.[6]

**B.      Defendants Fare No Better in Seeking to Certify the Prior Restraint Ruling**

The Complaint alleges that by restraining subscribers from redistributing any information accessed through OCRA, the Dissemination Restriction "infringe[s] Plaintiffs' First Amendment rights … to gather, disseminate and read about newsworthy information." Compl., ¶ 62; *see id.*

---

[4] It is thus irrelevant if "the parties disagree" over whether "plaintiffs need to assert a derivative injury from their willing speaker." Mem. 9. It is also mistaken; Plaintiffs' injury did derive from Lacy's injury in being restrained from providing CNS and Lee information. Order 12.

[5] Defendant Clerks' argument to the contrary rests on a fundamental misreading of *Houchins v. KQED, Inc.*, 438 U.S. 1 (1978), which declined to extend the recognized "right to gather news and the right to receive information" to give the media a "special right of access to government-controlled sources of information" not otherwise public, such as "a county jail." *Id.* at 1, 7-8.

[6] "'[M]any circuits have found media standing to challenge confidentiality orders without expressly finding the existence of a willing speaker.'" Mem. 9 (quoting *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 927 (5th Cir. 1996)). But the Fourth Circuit is not among them. *Smith*, 126 F.4th at 917. And in those Circuits, standing would never have been an issue.

¶¶ 61-90.  The Court found this plausibly alleged the Restriction is "a prior restraint on speech," Order 15, that prevents subscribers from providing CNS and Lee public records and information on OCRA, *id.* at 12, and is thus unconstitutional unless it survives strict scrutiny.  *Id.* at 15.

This ruling is not dispositive or controlling.  Reversal would not materially advance the outcome because it could *not* result in the case being "dismissed," Mem. 4, for two reasons.

*First*, as one of the cases cited by Defendant Clerks recognized, any """"inhibition of press news-gathering rights must be necessitated 'by a compelling governmental interest, and ... narrowly tailored to serve that interest""" – i.e., must survive "strict scrutiny." *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 928-29 (5th Cir. 1996) (quoting *In re Express-News Corp.*, 695 F.2d 807, 808-09 (5th Cir. 1982) (quoting *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607 (1982)).  The Fourth Circuit has made this clear: "it [is] '*not dispositive*' whether the challenged … statute [is] 'view[ed] as a prior restraint or as a penal sanction'" because even the latter – including where a "'state attempts to punish publication'" of information it designated confidential – is "'accorded the most exacting scrutiny.'" *Soderberg v. Carrion*, 999 F.3d 962, 968 n.3 (4th Cir. 2021) (quoting *Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97, 101-02 (1979) and citing *Landmark Communic'ns, Inc. v. Virginia*, 435 U.S. 829 (1978)).  Under this authority, the Dissemination Restriction must meet strict scrutiny even if it punished speech after it happened.

*Second*, the Court's ruling did *not* address "the constitutionality of the Dissemination Restriction." Mem. 5.  Rather, the Court's conclusion that the Restriction constitutes a prior restraint on OCRA subscribers that burdens Plaintiffs' newsgathering goes to the standard of scrutiny to be applied at summary judgment and/or trial.  Order 15.  As shown by the "prior litigation," Mem. 5, this case would go on even if the Restriction could be treated as "a 'time, place, and manner' restriction" to which intermediate scrutiny applied.  *Hade I*, 580 F. Supp. 3d

8

at 296 (denying motion to dismiss); *see Overbey*, 930 F.3d at 226-30 (finding "right to gather news" plausibly injured by alleged unconstitutional condition barring "willing speaker" from discussing police misconduct without addressing whether it also constituted a prior restraint).[7]

Nor is there "substantial ground" to dispute "whether the Dissemination Restriction is a prior restraint." Mem. 4. Defendant Clerks contend one depiction of a "prior restraint" – as a "term … used 'to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur,'" *Alexander v. United States*, 509 U.S. 544, 550 (1993) – "exclude[s]" the Dissemination Restriction, apparently because it is not an administrative or judicial order. Mem. 6. But they cite no cases so holding.

That is because the Supreme Court was distinguishing restrictions that "*forbid* [someone] from engaging in any expressive activities in the future" (i.e., prior restraints) from "forfeiture" under RICO "after a full criminal trial" (i.e., "subsequent punishment"). *Alexander*, 509 U.S. at 549-51. This is how *Alexander* has been repeatedly read: "The notion of prior restraint is well established …. In broad terms, '[a] prior restraint is **any law** "forbidding certain communications when issued in advance of the time that such communications are to occur."'" *Ostergren v. Frick*, 2020 WL 1501918, *4 (W.D. Mich. Mar. 30, 2020) (quoting *McGlone v. Bell*, 681 F.3d 718, 733 (6th Cir. 2012) (quoting *Alexander*), *aff'd*, 856 F. App'x 562 (6th Cir. 2021); *Cooper v. Dillon*, 403 F.3d 1208, 1215 (11th Cir. 2005) ("A prior restraint on speech **prohibits or censors speech before it can take place**.") (citing *Alexander*); *Taylor v. Roswell Indep. Sch. Dist.*, 713

---

[7] Reversal would also not shorten the case. Discovery would be needed into the "evidence" intermediate scrutiny "requires the government to produce" – i.e., that the Dissemination Restriction "'materially advances an important or substantial interest by redressing past harms or preventing future ones," that "[t]hese harms [are] 'real, not merely conjectural,'" *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 515 (4th Cir. 2002), and "that – before enacting the [Restriction] – it 'seriously undertook to address the problem with less intrusive tools readily available to it.'" *Billups v. City of Charleston, S.C.*, 961 F.3d 673, 688 (4th Cir. 2020).

F.3d 25, 42 (10th Cir. 2013) ("a 'prior restraint' *restricts speech in advance*") (citing *United States v. Quattrone,* 402 F.3d 304 (2d Cir. 2005) (citing *Alexander*); *Baudin v. Palo Alto Unified Sch. Dist.*, 2026 WL 370395, *3 (N.D. Cal. Feb. 10, 2026) ("[p]rior restraints involve legislative *statutes, regulatory schemes, or judicial orders* '*forbidding* certain communications when issued in advance of the time that such communications are to occur'") (quoting *Alexander*).

Courts in this Circuit are in accord: "While it is presumptively unlawful to *bar speech before it occurs*, First Amendment law fully accepts the ability to penalize speech that occurred in the *past*." *Nat'l Fed'n of Blind v. FTC,* 303 F. Supp. 2d 707, 723 (D. Md. 2004) (citing *Alexander*), *aff'd,* 420 F.3d 331 (4th Cir. 2005); *see Liverman v. City of Petersburg*, 844 F.3d 400, 407 (4th Cir. 2016) (police department social media "policy" banning "speech critical of the government employer" a "prior restraint"); *Stephens v. Cnty. of Albemarle*, 2005 WL 3533428, *8 (W.D. Va. Dec. 22, 2005) ("The potential recipient's right to receive speech from that speaker … is no less diminished on account of the silence being achieved through an unconstitutional condition rather than a *prior restraint in the form of a state regulation or statute*.").

As this Court and Judge Gregory recognized, that is what the Dissemination Restriction does – it prohibits speech by OCRA subscribers before it occurs. Order 14-15; *Smith*, 126 F.4th at 925 (Gregory, J., dissenting).[8]  It does not authorize a "criminal penalty or a judgment … subject to the whole panoply of [procedural] protections" of the sort required for a "subsequent punishment" after publication. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).[9]

---

[8] As explained in Plaintiff's Sur-Reply 11 n.5 (Doc. 67-1), the vote against en banc review does *not* "indicate[]" the Fourth Circuit "disagrees with Judge Gregory's conclusion." Mem. 5.  A majority may have found no "intra-circuit conflicts" or reason for "a departure from our standard procedures" given the standing issue. *Nat'l Ass'n of Immigr. Judges v. Owen*, 160 F.4th 100, 101-02 (4th Cir. 2025) (Wilkinson, Circuit Judge, concurring in denial of rehearing en banc).

[9] Rather, it gives Defendant Clerks discretion to terminate OCRA access, another form of a prior restraint. *City of Lakewood v. Plain Dealer Pub'g Co.*, 486 U.S. 750, 757 (1988)).

10

Defendant Clerks "do[] not point to any cases or provide any authority supporting [their] argument" that the Dissemination Restriction does not fall on the prior restraint side of this divide. *Schnupp*, 2025 WL 1331906 at *17.[10]  In repeating a theory raised in their motion to dismiss that prior restraint jurisprudence – i.e., strict scrutiny – cannot apply where information is "otherwise-available," Mem. 6, they fail to address Fourth Circuit precedent applying it to a "partial ban" on dissemination of information in or about public court records and proceedings. *Soderberg*, 999 F.3d at 966-67 & 969-70 (citing *Daily Mail*, 443 U.S. at 104-05); *In re Murphy-Brown, LLC*, 907 F.3d 788, 793 (4th Cir. 2018); Plaintiff's Omnibus Opposition 41 (Doc. 48).[11]

The Court's ruling "involved a straightforward application of settled law" to the language of the Restriction; "[t]he Court neither probed a thorny question of first impression nor applied new case law to old standards nor struggled to reconcile a split of authority." *Hall v. Greystar Mgmt. Servs.,* 193 F. Supp. 3d 522, 527 (D. Md. 2016).  Rather, "defendants dispute the court's conclusion." *Young v. Sheetz, Inc.*, 998 F. Supp. 670, 673 (W.D. Va. 1998).  But their "disagreement with the Court is simply not reason enough to grant an interlocutory appeal." *McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989).

---

[10] They also do not address *Nebraska Press*, which (like *Daily Mail*) said it does not matter.  427 U.S. at 559 ("[t]ruthful reports of public judicial proceedings" should receive the same "special protection" against "prior restraint[s]" that they receive "against subsequent punishment").

[11] This controlling authority was also not addressed in *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349 (E.D. Va. 2022).  Defendant Clerks neither note that this decision was vacated on appeal for lack of standing, *Smith*, 126 F.4th at 917, nor that it applied the Dissemination Restriction in a different context where CNS sought to be allowed to subscribe to OCRA, *see* Order 3, or explain how or why that context would apply to the analysis in this

They also fail to create a substantial ground for dispute by again citing inapposite authority. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 27(1984) ("protective order covering all ***information obtained through the discovery*** process" did ***not*** extend to information in public court records); *Pell v. Procunier*, 417 U.S. 817, 834 (1974)  ("newsmen have no constitutional right of ***access to prisons or their inmates*** beyond that afforded the general public").

11

C.       **Defendants Did Not Carry Their Burden of Showing Exceptional Circumstances**

As this Court has recognized, "certifications are the exception and not the rule, because they depart from the well-established policy limiting appeals to final judgments." *Montgomery v. Johnson*, 2008 WL 5422866, *1 (W.D. Va. Dec. 30, 2008). Courts "should therefore permit interlocutory appeals under § 1292(b) only from a carefully 'limited group of orders,' … and 'in exceptional situations in which [doing so] would avoid protracted and expensive litigation." *Fannin*, 873 F.2d 1438 at *2; *Keenan*, 2007 WL 9782467 at *1.

Consequently, even where, unlike here, a moving party shows "all" § 1292(b) "factors are present, [the Court] still ha[s] discretion to disallow the appeal," *Drummond Co.*, 885 F.3d at 1336, "'if exceptional circumstances are absent.'" *Prince*, 2023 WL 3190403 at *2. "The moving party bears the burden of persuading the court that exceptional circumstances justify a departure from the general policy against piecemeal appeals." *Id.; Fannin*, 873 F.2d 1438 at *2.

Defendant Clerks do not mention "exceptional circumstances," nor could they carry this "onerous burden." *Prince*, 2023 WL 3190403 at *3. The "legislative history" of § 1292(b) "clearly indicates that its use was to be confined to exceptional cases 'where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'" *Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc.*, 317 F.2d 741, 743 (4th Cir. 1963). "Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin*, 873 F.3d 1438 at *5. A court should not certify an appeal that "technically" meets the statutory criteria if it does not meet this paradigm. *Id.; Karanik*, 2022 WL 16556774 at *4 ("Exceptional circumstances exist when an interlocutory appeal 'would avoid protracted and expensive litigation.'").

12

"The question[s] here [are] a long way from that model." *Fannin*, 873 F.3d 1438 at *5. Defendants "merely reargue" the same points that previously failed, *E. Tennessee Nat. Gas Co. v. 3.04 Acres in Patrick Cnty.*, 2006 WL 626416, *1 (W.D. Va. Mar. 9, 2006), "contend[ing] that the Court wrongly applied settled law to the facts of this case. That is not a ground for certification of an interlocutory appeal." *Duke Univ. v. Endurance Risk Sols. Assurance Co.*, 2021 WL 4597069, *1 (E.D.N.C. Oct. 5, 2021). As reversal "would not terminate the case," *Pyott-Boone*, 2013 WL 12318490 at *6, "certification … would be more likely to delay … than to advance it," *Terry v. June*, 368 F. Supp. 2d 538, 540 (W.D. Va. 2005), "and add unecessary … cost." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 910 (E.D. Va. 2005). "An immediate appeal, even were it to be granted, would only delay [discovery, summary judgment and any] trial …, especially in light of the stay requested." *Commonwealth ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, 2015 WL 3540473, *8 (E.D. Va. June 3, 2015).

Indeed, that may be the point. Absent a stay, this case would move into discovery, where Defendants' evidence to satisfy constitutional scrutiny – or lack thereof – will be revealed. Discovery will be delayed during the automatic stay on their sovereign immunity appeal, Mem. 1, but that single issue can be addressed faster if not encumbered by the additional issues the Clerks seek to certify. And certifying even one of those additional issues would allow them to ask the Fourth Circuit to add others – such as "the constitutionality of the Dissemination Restriction," Mem. 5, ***without a factual record*** – that the Circuit could not otherwise add to the one issue that is "immediately appealable." *Coakley v. Welch*, 877 F.2d 304, 305 (4th Cir. 1989).

To avoid excessive delay, and because the Clerks do not even mention them, the Court should find "no exceptional circumstances in this case to divert from the normal appellate process." *United States v. Moore*, 703 F. Supp. 455, 457 (E.D. Va. 1988) (citing *Medomsley*).

13

## II.

### DEFENDANTS' MOTION TO STAY SHOULD BE DENIED OR LIMITED TO 90 DAYS

About a week before Defendant Clerks moved to certify, they joined Defendant Hade in a Joint Motion to Stay (Docs. 81, 82). That motion did not say it was limited to the sovereign immunity appeal and made no mention of a forthcoming motion to certify. When they moved to certify, the Clerks noted for the first time sovereign immunity appeals receive an automatic stay. Mem. 1 (citing *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025)).

This is a curious sequence of events. An "automatic stay is self-executing," *Martinsville*, 128 F.4th at 269, requiring the district court to "halt all proceedings related to the appeal," *id.* at 268, "whether or not the parties ask it to." *Id.* at 270. No motion is required. *See id.*

But a motion for "discretionary stay" pending interlocutory appeal under § 1292(b) must meet the "four-factor standard" set out in *Nken v. Holder*, 556 U.S. 418 (2009). *Martinsville*, 128 F.4th at 270; *see Rivers v. United States*, 2020 WL 6021465, *4 (W.D. Va. Oct. 9, 2020). Those factors are "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Karanik*, 2022 WL 16556774 at *6.

Although the moving party "bears the burden of showing that the circumstances justify [a stay]," *Nken*, 556 U.S. at 433-34, Defendants do not address them, and "all the factors militate against a stay." *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 768 F. Supp. 3d 735, 738 (D. Md. 2025). The Clerks are unlikely to succeed on the issues they seek to certify, and the automatic stay eliminates any irreparable injury. *See Karanik*, 2022 WL 16556774 at *6 (certifying appeal but denying stay absent "'strong showing'" on merits and irreparable injury).

14

In this First Amendment case where OCRA subscribers are restrained from giving the press and public records from courts too remote to reach, "the equities and the public interest lie firmly in [CNS' and Lee's] favor." *Suri v. Trump*, 2025 WL 1806692, *9 (4th Cir. July 1, 2025). "'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Id.* (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

"Because the public benefits attendant with open proceedings are compromised by delayed disclosure of documents," the Fourth Circuit instructed courts to "act … as expeditiously as possible" in cases involving restrictions on press and public access to records or people in ongoing cases. *Doe v. Pub. Citizen*, 749 F.3d 246, 272–73 (4th Cir. 2014) ("'Each passing day may constitute a separate and cognizable infringement of the First Amendment.'") (quoting *Grove Fresh Distribs. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994)); *see Wall St. J.*, 601 F. App'x at 217-19 (vacating sealing and gag order on expedited consideration).

It necessarily follows that, to the extent "the request for a stay is made with regard to the application for certification under 28 U.S.C. § 1292(b), … the request for a stay [should be] denied," *Slone v. State Auto Prop. & Cas. Ins. Co.*, 2021 WL 687697, *2 (S.D.W. Va. Feb. 22, 2021), if "certification is not appropriate," *id.*, or even if it is. *Karanik*, 2022 WL 16556774 at *6. While the Court can deny the motion for a stay on the sovereign immunity appeal as unnecessary, *Eckert*, 834 F. Supp. at 175,[12] a better course would be to limit that stay to "not more than ninety days." *Puryear*, 71 F. Supp. 2d at 554.[13]

---

[12] While a sovereign immunity appeal "divests this Court of jurisdiction over the remaining matters" related to that appeal, it "does not leave district courts at the mercy of defendants who file frivolous interlocutory appeals for tactical reasons. If the appeal is deemed frivolous, the district court may certify that the case should proceed to trial." *Eckert*, 834 F. Supp. at 174. CNS and Lee will evaluate whether to file such a motion after reviewing the opening briefs.

[13] While *Puryear* did not involve an automatic stay, the Circuit can extend it if necessary.

15

**CONCLUSION**

A constitutional challenge to the Dissemination Restriction has been pending for nearly five years, since CNS filed its initial complaint in the first litigation in July 2021. Defendant Clerks' motion to certify "does not justify further delay." *Montgomery*, 2008 WL 5422866 at *1. Plaintiffs CNS and Lee therefore respectfully request that the Court deny Defendant Clerks motion to certify an interlocutory appeal and either deny the motion to stay or limit any stay for Defendants' sovereign immunity appeal to not more than 90 days.

Dated: June 12, 2026                    COURTHOUSE NEWS SERVICE
                                        LEE ENTERPRISES, INCORPORATED
                                        LEE BHM LLC


                                        By: /s/ Dabney J. Carr, IV
                                                 Of Counsel

Dabney J. Carr IV, VSB No. 28679
Lauren H. Miller, VSB No. 100566
Troutman Pepper Locke LLP
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1200
Fax: (804) 697-1339
dabney.carr@troutman.com
lauren.h.miller@troutman.com

Roger Myers (admitted pro hac vice)
Rachel Matteo-Boehm (admitted pro hac vice)
Carlie Tenenbaum (admitted pro hac vice)
Bryan Cave Leighton Paisner LLP
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
Fax: (415) 675-3434
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com
carlie.tenenbaum@bclplaw.com

*Counsel for Plaintiffs Courthouse News Service,*
*Lee Enterprises, Incorporated and Lee BHM LLC*

16