CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

July 02, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Kendra Campbell**
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **COURTHOUSE NEWS SERVICE, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25CV00075 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KARL R. HADE, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Roger Myers, BRYAN CAVE LEIGHTON PAISNER LLP, San Francisco, California, and Dabney J. Carr, IV, TROUTMAN PEPPER LOCKE LLP, Richmond, Virginia, for Plaintiffs; Erin R. McNeill, Senior Assistant Attorney General, OFFICE OF THE VIRGINIA ATTORNEY GENERAL, Richmond, Virginia, for Defendant Karl R. Hade; John P. O'Herron, THOMPSON MCMULLAN, P.C., Richmond, Virginia, for Defendants Edward Jewett, Brenda Hamilton, and Kelly Flannagan.*

This case involves a Virginia statute that restricts the dissemination of nonconfidential civil court records obtained through the state's remote online access system. The plaintiffs, a legal news service and publishers of local Virginia newspapers, filed the present suit against Virginia court officials challenging the constitutionality of the statute.[1] After the defendants moved to dismiss the case for

---

[1] Plaintiff Courthouse News Service (Courthouse News) is a nationwide news service that specializes in reporting on civil litigation in state and federal courts. Co-plaintiffs Lee Enterprises, Inc. (Lee) and Lee BHM LLC (Lee BHM), a subsidiary of Lee, are publishers of newspapers across Virginia. Defendant Karl R. Hade is the Executive Secretary of the Office of Executive Secretary (OES) of the Supreme Court of Virginia. Defendants Edward Jewett, Brenda Hamilton, and Kelly Flannagan (defendant clerks) are Virginia circuit court clerks for the cities of Richmond, Roanoke, and Bristol, respectively.

lack of jurisdiction and failure to state a claim, I issued an Opinion and Order

denying, among other things, the defendants' motions to dismiss. *Courthouse News*

*Serv. v. Hade*, No. 1:25CV00075, 2026 WL 1229072 (W.D. Va. May 5, 2026) (May

Order).

Thereafter, the defendants noticed an interlocutory appeal to the United States

Court of Appeals for the Fourth Circuit as to this court's denial of Eleventh

Amendment sovereign immunity. The defendants have now moved to stay the

present litigation. Separately, the defendant clerks have moved to certify this court's

previous standing and First Amendment rulings pursuant to 28 U.S.C. § 1292. For

the reasons discussed below, I will grant the motions.[2]

I.

The facts of this case are discussed in the May Order. I will recount the facts

relevant to the pending motions.

Virginia circuit courts provide the public and press with access to

nonconfidential civil court records at their respective physical courthouses. Most

Virginia circuit courts allow select individuals, including Virginia-licensed

attorneys, to remotely access these same records via the Officer of the Court Remote

Access system (OCRA). If an authorized OCRA user transmits remotely accessed

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the parties' submissions, and oral argument would not aid the decisional process. Fed. R. Civ. P. 78(b); W.D. Va. Civ. R. 11(b).

data to an unauthorized third party, circuit court clerks have discretion to revoke the user's OCRA access.  Va. Code Ann. § 17.1-293(H) (Dissemination Restriction).

In 2021, Courthouse News filed a lawsuit in the United States District Court for the Eastern District of Virginia challenging, in relevant part, the constitutionality of the Dissemination Restriction.  That court held that the restriction was a narrowly tailored content-neutral time, place, and manner regulation.  *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349, 367–70 (E.D. Va. 2022).  On appeal, the Fourth Circuit vacated this ruling, finding that Courthouse News was not entitled to OCRA access and thus lacked standing to challenge the Dissemination Restriction.  *Courthouse News Serv. v. Smith*, 126 F.4th 899, 917 (4th Cir. 2025) (*Courthouse News I*).  The court also rejected Courthouse News's contention that the Dissemination Restriction indirectly injured its ability to acquire records from OCRA subscribers because Courthouse News would have needed to show that "there exists a speaker willing to convey the information" to have standing to claim the right to receive speech.  *Id.* (quoting *Stephens v. Cnty. of Albemarle*, 524 F.3d 485, 492 (4th Cir. 2008)).

The plaintiffs filed this action on December 9, 2025.  Their sole claim challenged the Dissemination Restriction as an unconstitutional prior restraint in violation of the First Amendment.  The plaintiffs argued that the Dissemination Restriction infringed on the speech of David Lacy, a Virginia-licensed attorney.  The plaintiffs alleged that they had asked Mr. Lacy on several occasions to provide them

with copies of civil court pleadings accessible through OCRA, but Mr. Lacy informed them that the Dissemination Restriction prohibited him from doing so. The defendants subsequently moved to dismiss the case, including on sovereign immunity and standing grounds. Dkt. Nos. 38, 39, 41, 43. After briefing and oral argument, I denied the motions to dismiss. May Order, Dkt. No. 73.

Thereafter, the defendants filed a notice of appeal to the Fourth Circuit as to this court's denial of Eleventh Amendment sovereign immunity. Notices of Appeal, Dkt. Nos. 75, 78. The defendant clerks separately moved for this court to certify two other issues: (1) whether the Dissemination Restriction is a prior restraint subject to strict scrutiny; and (2) whether the plaintiffs have standing to assert that the restriction is an unconstitutional prior restraint. Dkt. No. 87. The motions have been briefed and are ripe for review.

## II.

### A. Motion to Stay.

As an initial matter, an order denying federal sovereign immunity is subject to immediate appeal. *Will v. Hallock*, 546 U.S. 345, 350 (2006) (discussing the immediate appealability of orders denying absolute immunity). "[W]hen a proper notice of appeal is docketed," a district court is "immediately required" to stay all proceedings related to the issues on appeal. *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 270 (4th Cir. 2025); *Griggs v. Provident Consumer Disc. Co.*,

459 U.S. 56, 58 (1982) (per curiam).  When the issue on appeal concerns solely "whether the litigation may go forward in the district court, . . . the entire case is essentially involved in the appeal." *City of Martinsville*, 128 F.4th at 269 (internal quotation marks and citation omitted).  Because sovereign immunity dictates whether defendants may be subject to suit at all, *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002), I will grant the defendants' motion and stay all proceedings in the current litigation.[3]

### B. Motion to Certify Appeal Under 28 U.S.C. § 1292(b).

A district court may certify an order for interlocutory appeal if the order (1) "involves a controlling question of law"; (2) if "there is substantial ground for difference of opinion" as to the question; and (3) if "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Certification under § 1292(b) "should be used sparingly" and "its requirements must be strictly construed."  *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (internal quotation marks and

---

[3] The plaintiffs request that any stay this court may enter be limited to 90 days, which the Fourth Circuit can extend if necessary.  As discussed, the defendants' notice of appeal as to sovereign immunity pertains to all aspects of the present litigation.  Therefore, the appeal divested this court of jurisdiction pending resolution by the Fourth Circuit.  *See Griggs*, 459 U.S. at 58 ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  I will thereby decline to limit the stay.

citation omitted).  Notwithstanding, § 1292(b) review "may be appropriate where the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."  *Id.* at 340–41 (internal quotation marks and citation omitted).

The defendant clerks have moved to certify (1) whether the Dissemination Restriction is a prior restraint subject to strict scrutiny; and (2) whether the plaintiffs have standing to argue that the Dissemination Restriction is an unconstitutional prior restraint.  I will address each of these issues in turn.

### 1.  Prior Restraint.

The Complaint alleges a singular claim — that the Dissemination Restriction is an unconstitutional prior restraint subject to strict scrutiny under the First Amendment.  Thus, the defendant clerks assert that whether the restriction constitutes a prior restraint is a controlling question of law that could materially advance the termination of litigation.

The plaintiffs argue that this court's May Order addressed only the standard of scrutiny to be applied to the Dissemination Restriction rather than the constitutionality of the restriction.  Therefore, they argue that certification would not materially advance the termination of litigation given that the case could still proceed under a lower level of scrutiny.  The plaintiffs mischaracterize this court's ruling.  The May Order found that "the plaintiffs have made a plausible showing that *the*

*Dissemination Restriction is a prior restraint* that would not survive strict scrutiny."

May Order at *6, Dkt. No. 73 (emphasis added). Whether the Dissemination

Restriction constitutes a prior restraint is directly relevant to its constitutionality

under the First Amendment.

The plaintiffs also argue that whether the Dissemination Restriction is a prior

restraint is not a controlling question of law because the same level of scrutiny would

be triggered irrespective of whether the restriction is found to be a prior restraint or

subsequent punishment. *See Soderberg v. Carrion*, 999 F.3d 962, 968 n.3 (4th Cir.

2021) ("[A]lthough prior restraints had 'been accorded the most exacting scrutiny in

previous cases' — it was 'not dispositive' whether the challenged . . . statute was

'view[ed] as a prior restraint or as a penal sanction' because 'even [a penal sanction]

requires the highest form of state interest to sustain its validity.'") (quoting *Smith v.

Daily Mail Publ'g Co.*, 443 U.S. 97, 101–02 (1979)). Even if it were true that prior

restraints and subsequent punishments are afforded the same level of scrutiny,[4] the

only claim the Complaint asserts is that the Dissemination Restriction constitutes a

*prior restraint* in violation of the First Amendment. Therefore, whether the

---

[4] The Supreme Court later clarified the distinction between prior restraints and subsequent punishments. *Alexander v. United States*, 509 U.S. 544, 549–50 (1993) (distinguishing between forfeiture imposed after a trial and an injunction enjoining future speech, explaining that the failure to do so "would virtually obliterate the distinction, solidly grounded in our cases, between prior restraints and subsequent punishments").

restriction is a prior restraint is a controlling question that determines whether the present litigation may move forward.

The defendant clerks also assert that there is substantial ground for difference of opinion as to whether the Dissemination Restriction is a prior restraint that forbids speech before it occurs, or whether it relates to post-speech consequences. The *Courthouse News I* majority did not reach the merits of this issue after finding that Courthouse News lacked standing to challenge the Dissemination Restriction. *Courthouse News Serv.*, 126 F.4th at 918. In so holding, the Fourth Circuit vacated the district court's finding that the Dissemination Restriction was a content-neutral time, place, and manner restriction. *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349, 367–70 (E.D. Va. 2022), *aff'd in part, vacated in part, remanded sub nom. Courthouse News Serv. v. Smith*, 126 F.4th 899 (4th Cir. 2025).

The *Courthouse News I* dissent opined that the Dissemination Restriction constituted a prior restraint subject to strict scrutiny. *Courthouse News Serv.*, 126 F.4th at 925–26 (Gregory, J., dissenting). The dissent relied upon Fourth Circuit precedent in finding that "States may not impose sanctions on the publication of truthful information contained in official court records open to public inspection," and that a restriction need not impose an "absolute prohibition" on the dissemination of information to be subject to strict scrutiny. *Id.* (first quoting *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 495 (1975); and then quoting *Soderberg*, 999 F.3d at 969). *But*

*cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33–34 (1984) (explaining that a protective order that prevented dissemination of information obtained through discovery but allowed a party to share that same information if obtained through other means was "not the kind of classic prior restraint that requires exacting First Amendment scrutiny.").

Accordingly, I agree that there is substantial ground for difference of opinion as to whether the Dissemination Restriction constitutes a prior restraint. For the reasons discussed, I will certify this issue for appeal.

### 2. Standing.

The defendant clerks also assert that whether the plaintiffs have standing is a controlling question of law that could materially advance the termination of litigation. The Fourth Circuit has previously found standing to be a controlling question of law, the resolution of which could materially advance the termination of litigation. *In re Trump*, 928 F.3d 360, 371 (4th Cir. 2019), *on reh'g en banc*, 958 F.3d 274 (4th Cir. 2020), *cert. granted, judgment vacated on other grounds sub nom. Trump v. D.C.*, 141 S. Ct. 1262 (2021) (finding that the district court erred by refusing to certify the question of whether under § 1292(b) the plaintiffs had standing to sue the president under the Emoluments Clause). But the plaintiffs contend that litigation would continue no matter how the issue of standing were to be resolved on appeal, given that the plaintiffs could simply amend their Complaint to address any

deficiencies. *See Audio MPEG, Inc. v. Creative Labs, Inc.*, No. 2:05CV185, 2006 WL 8459380, at *4 (E.D. Va. Feb. 14, 2006) (finding that an immediate appeal of the standing issue would not terminate litigation because a complaint could simply be refiled). I am not persuaded by this argument, particularly given that § 1292(b) requires only that an immediate appeal "*may* materially advance the ultimate termination of the litigation." (emphasis added).

As the defendant clerks assert, there is also substantial ground for difference of opinion as to whether the plaintiffs have standing. In *Courthouse News I*, the Fourth Circuit found that Courthouse News lacked standing to challenge the Dissemination Restriction because the restriction "applies only to individuals with remote online access to court records." *Courthouse News Serv.*, 126 F.4th at 917. At the same time, the court suggested that Courthouse News could have asserted a right to receive speech if it had shown that "there exists a speaker willing to convey the information" to it. *Id.* (quoting *Stephens v. Cnty. of Albemarle*, 524 F.3d at 492

Here, the plaintiffs identified David Lacy, a Virginia-licensed attorney, as a speaker willing to convey information accessed through OCRA to them. But the defendant clerks contend that there is disagreement as to whether a plaintiff must assert a derivative injury from a willing speaker to support standing under a right-to-receive-speech theory. The defendant clerks assert that a receiver's rights are reciprocal to a speaker's rights. *See Va. State Bd. of Pharmacy v. Va. Citizens*

*Consumer Council*, 425 U.S. 748, 757 (1976) (explaining that a right to advertise would carry with it a concomitant right to receive advertising).  And they argue that the plaintiffs have failed to allege that Mr. Lacy has suffered an objective threat or fear of having the Dissemination Restriction enforced against him.

Moreover, the defendant clerks state that the Fourth Circuit has implied, but never explicitly held, that a receiver of speech must assert an injury that is derivative of the speaker's injury.  *See Courthouse News Serv.*, 126 F.4th at 917 (finding that "Courthouse News's assertion of derivative injury is 'too speculative to support standing.'") (quoting *Stephens*, 524 F.3d at 491).  At the same time, the plaintiffs contend that their injury did derive from Mr. Lacy's, but also from their own right to gather news.  *See Overbey v. Mayor of Baltimore*, 930 F.3d 215, 227–28 (4th Cir. 2019) (discussing the right to newsgathering in the context of the right to receive information from a willing speaker).  I will grant certification as to the issue of standing to clarify the precise showings a plaintiff must make to prevail on a right-to-receive-speech theory of standing.[5]

---

[5] The defendant clerks also assert that there is substantial ground for difference of opinion as to whether the plaintiffs have alleged standing given that the plaintiffs have asserted multiple theories of standing throughout their briefings.  This court's May Order found that the plaintiffs had made a plausible showing of standing on a right-to-receive-speech theory.  Because I have found that the defendant clerks have met the requirements of § 1292(b) with respect to this theory of standing, I need not address any additional theories of standing.

III.

For all these reasons, the Motion to Stay, Dkt. No. 81, is GRANTED and the Motion to Certify Appeal, Dkt. No. 87, is also GRANTED.  This case is hereby STAYED pending the resolution of the issues in the court of appeals.  I will separately certify the Order dated May 5, 2026, Dkt. No. 73, for an interlocutory appeal under 28 U.S.C. § 1292(b).

It is so **ORDERED**.

The Clerk shall provide a copy of this Opinion and Order to the Clerk of the United States Court of Appeals for the Fourth Circuit.

ENTER:  July 2, 2026

/s/  JAMES P. JONES
Senior United States District Judge