*In the*

# United States Court of Appeals

### *For The Fourth Circuit*

## Record No. _____

EDWARD JEWETT, BRENDA HAMILTON, and
KELLY FLANNAGAN

*Defendants – Petitioners,*

– v. –

COURTHOUSE NEWS SERVICE, *et al.*

*Plaintiffs – Respondents.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA AT ABINGDON**

## PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO 28 U.S.C. § 1292(b)

William W. Tunner (VSB No. 38358)
William D. Prince, IV (VSB No. 77209)
John P. O'Herron (VSB No. 79357)
Rachel W. Adams (VSB No. 92605)
Peter S. Askin (VSB No. 93371)
THOMPSONMCMULLAN, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
(804) 698-6253 (Telephone)
wtunner@t-mlaw.com
joherron@t-mlaw.com
wprince@t-mlaw.com
radams@t-mlaw.com
paskin@t-mlaw.com
*Counsel for Petitioners*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES...................................................................................iv

INTRODUCTION..................................................................................................1

STATEMENT OF JURISDICTION ..........................................................................4

QUESTIONS PRESENTED .....................................................................................4

RELIEF SOUGHT BY PETITIONERS ......................................................................5

STATEMENT OF FACTS .......................................................................................5

REASONS WHY THE APPEAL SHOULD BE ALLOWED..........................................9

    1.    WHETHER THE DISSEMINATION RESTRICTION IS A PRIOR
        RESTRAINT IS APPROPRIATE FOR THE COURT'S INTERLOCUTORY
        REVIEW...............................................................................................10

        1.1.    The issue is a controlling question of law, the
                resolution of which may terminate this litigation.......10

        1.2.    The issue is one for which there is substantial ground
                for difference of opinion ...............................................11

    2.    WHETHER THE PLAINTIFFS HAVE STANDING IS APPROPRIATE
        FOR THIS COURT'S INTERLOCUTORY REVIEW. .........................15

        2.1.    The issue is a controlling question of law, the
                resolution of which may terminate this litigation.......15

        2.2.    The issue is one for which there is substantial ground
                for difference of opinion ...............................................16

ii

3. THE CERTIFIED ISSUES OVERLAP WITH THE ELEVENTH AMENDMENT IMMUNITY ISSUE ALREADY ON APPEAL ..............18

CONCLUSION ..............................................................................................20

CERTIFICATE OF COMPLIANCE ...............................................................21

CERTIFICATE OF SERVICE .......................................................................22

EXHIBITS

## TABLE OF AUTHORITIES

**CASES**

*Alexander v. United States,*
510 U.S. 544 (1993) ........................................................ 12, 14

*CBS Inc. v. Young,*
522 F.2d 234 (6th Cir. 1975) ...........................................19

*City of Martinsville v. Express Scripts, Inc.,*
128 F.4th 265 (4th Cir. 2025) ............................................1

*Clatterbuck v. City of Charlottesville,*
708 F.3d 549 (4th Cir. 2013) .............................................16

*Courthouse News Serv. v. Hade,*
631 F. Supp. 3d 349 (2022) .............................................7, 13

*Courthouse News Serv. v. Smith,*
126 F. 4th 899 (4th Cir. 2025) .....................................*passim*

*Courthouse News Serv. et al v. Jewett, et al.,*
Record No. 26-1648(L) .......................................................1

*Courthouse News Serv. v. Smith,*
2025 U.S. App. LEXIS 10123 (Apr. 28, 2025) ................13

*DaimlerChrysler Corp. v. Cuno,*
547 U.S. 332, 345 (2006) ..................................................19

*Dow Jones & Co. v. Simon,*
842 F.2d 603 (2d Cir. 1988) .............................................18

*Does v. Musk,*
2026 U.S. Dist. LEXIS 17834, *5 (D. Md. 2026) ............16

*Ex parte Young,*
    209 U.S. 123 (1908) ................................................................... 19

*In re Trump,*
    928 F.3d 360 (4th Cir. 2019) ................................................. 12, 16

*In re Trump,*
    958 F.3d 274 (4th Cir. 2020) ................................................. 12, 16

*In re Wall Street J.,*
    601 F. App'x 215 (4th Cir. 2015 (per curiam)) .............................. 19

*Int'l Refugee Assistance Project v. Trump,*
    404 F. Supp. 3d 946 (D. Md. 2019) ............................................. 12

*Kenny v. Wilson,*
    885 F.3d 280 (4th Cir. 2018) ..................................................... 19

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria,*
    921 F.2d 21 (2d Cir. 1990) ....................................................... 11

*McBurney v. Cucinelli,*
    616 F.3d 393 (4th Cir. 2010) ..................................................... 19

*McFarlin v. Conseco Servs.,*
    381 F.3d 1251 (11th Cir. 2004) .................................................. 17

*Moore v. Virginia Cmty. Bankshares, Inc.,*
    666 F. Supp. 3d 547 (W.D. Va. 2023) .......................................... 16

*NAACP v. Jones,*
    131 F.3d 1317 (1997) ............................................................... 18

*Novak v. City of Parma,*
    932 F.3d 421 (6th Cir. 2019) ..................................................... 15

*Overbey v. Mayor of Baltimore,*
930 F.3d 215 (4th Cir. 2019) ........................................................18

*Pa. Family Inst., Inc. v. Black,*
489 F.3d 156 (3d Cir. 2007)..........................................................18

*Papania v. United States,*
715 F. Supp. 3d 789 (E.D. Va. 2024)............................................11

*Pell v. Procunier,*
417 U.S. 817 (1974) ......................................................................14

*Pinkley, Inc. v. City of Frederick, Md.,*
191 F.3d 394 (4th Cir. 1999) ........................................................11

*Rock for Life-UMBC v. Hrabowski,*
411 F. App'x 541 (4th Cir. 2010) ................................................20

*Seattle Times Co. v. Rhinehart,*
467 U.S. 20 (1984) ........................................................................14

*Soderberg v. Carrion,*
999 F.3d 962 (4th Cir. 2021) ........................................................13

*United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.,*
173 F. Supp. 3d 320 (E.D. Va. 2016)............................................12

*United States ex rel. Michaels v. Agape Senior Cmty., Inc.,*
848 F.3d 330 (4th Cir. 2017) ........................................................16

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council,*
425 U.S. 748 (1976) ................................................................17, 18

**RULES**

Federal Rule of Appellate Procedure 5 ..................................................5, 6

**STATUTES**

28 U.S.C. § 1292(b) ............................................................................ *passim*

42 U.S.C. § 1983 ............................................................................................9

Va. Code § 17.1-225 ......................................................................................6

Va. Code § 17.1-293 ........................................................................ *passim*

**SECONDARY SOURCES**

16 Charles A. Wright, et al.,
    Federal Practice and Procedure § 3930 (2d ed. 1996) .............11, 17

## INTRODUCTION

This petition under 28 U.S.C. § 1292(b) raises two First Amendment issues for this Court's consideration alongside the Eleventh Amendment immunity issue already before this Court. *See Courthouse News Serv. et al v. Jewett, et al.*, Record No. 26-1648(L). Pending resolution of that appeal, the proceedings in the district court have been stayed. *See City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025); ECF No. 94.

The decision being appealed, here and in Record No. 26-1648(L), relates to the plaintiffs' sole claim that Virginia Code § 17.1-293(H) is an unconstitutional prior restraint on their free speech rights. Virginia Code § 17.1-293 permits Virginia attorneys to have remote online access to court records, and subsection (H) gives clerks of court discretion to revoke that access if an attorney sends those obtained-online records to a third party.[1] The petitioners are the elected clerks for the Circuit Courts of Richmond City, Roanoke City, and Bristol City, respectively ("Defendant Clerks"). ECF No. 1 at ¶¶ 21, 23, 25.

---

[1] The parties, district court, and this Court have all referred to this statute as the "Dissemination Restriction." This petition will follow that convention.

The plaintiffs have spent years trying to invalidate this and other Virginia statutes that stand in the way of their goal to have anyone, anywhere, and at any time, access and obtain Virginia court records. The complaint in this case follows their last effort when this Court ruled that they lacked standing to challenge the Dissemination Restriction because without a willing speaker, "[their] assertion of derivative injury is too speculative to support standing." *See Courthouse News Serv. v. Smith*, 126 F. 4th 899 (4th Cir. 2025) (internal quotation marks omitted).

Back again, the plaintiffs now allege a single claim—that the Dissemination Restriction is a prior restraint on speech. ECF No. at ¶¶ 87-89. And they allege a single theory of standing—that they are asserting a right to receive speech from a willing speaker, a Virginia-licensed attorney with online access, who cannot share court records with them because of the Dissemination Restriction. *Id.* at ¶ 90.

The defendants filed Motions to Dismiss under Rule 12(b)(1) and 12(b)(6), arguing that the Dissemination Restriction is not a prior restraint based on its plain meaning, and that the plaintiffs lacked standing because they failed to assert that their claimed injury to their right

2

to receive speech was derivative of an injury to the rights of their willing speaker.[2] In its briefing, the plaintiffs disavowed the theory that their rights were reciprocal of or derivative to their willing speaker's rights, and argued that the Dissemination Restriction was subject to strict scrutiny whether it was a prior restraint or not. ECF No. 48 at 2, 9, 11-13, 28-33. The district court denied the Motions, finding first that the plaintiffs alleged enough for standing under the willing speaker doctrine. ECF No. 73 at 10-12. The district court then found, relying on Judge Gregory's dissenting opinion in *Courthouse News Serv.*, that the Dissemination Restriction was a prior restraint and thus subject to strict scrutiny. *Id.* at 14-15. This ruling is attached as Exhibit A.

The district court, however, subsequently agreed that its rulings on standing and whether the Dissemination Restriction is a prior restraint satisfied the elements for certification under § 1292(b). ECF No. 94. This order is attached as Exhibit B. The petitioners now ask this Court to grant the certified issues to be considered alongside the currently pending sovereign immunity issue. Whether Code § 17.1-293(H)

---

[2] The defendants also argued that they were entitled to sovereign immunity, which is the subject of Record No. 26-1648.

3

is a prior restraint on speech, and the district court's reliance on Judge

Gregory's dissent, justifies granting this petition so that this Court can

clarify the nature of the right at issue before the costly and lengthy liti-

gation under the strict scrutiny standard. The same is true of standing:

whether the plaintiffs have satisfied this Court's invocation of standing

via the "willing speaker" doctrine is an issue that deserves immediate

resolution while this case is at the Fourth Circuit already.

## STATEMENT OF JURISDICTION

This Court has discretionary jurisdiction over this appeal. In its

July 2, 2026, Order, the district court certified in writing that its Order

denying the Motions to Dismiss met the criteria for 28 U.S.C. § 1292(b)

certification. This petition is timely because it is filed within 10 days of

the certification order as required by 28 U.S.C. § 1292(b) and Federal

Rule of Appellate Procedure 5(a).

## QUESTIONS PRESENTED

1. Did the district court err in finding that Code § 17.1-293(H) is plau-
   sibly alleged to be a prior restraint that would not survive strict
   scrutiny?

2. Did the district court err in finding that the plaintiffs have standing
   under the willing speaker doctrine to assert that Code § 17.1-293(H)
   is an unconstitutional prior restraint on speech?

## RELIEF SOUGHT BY PETITIONERS

The Petitioners ask this Court to grant interlocutory review under Rule 5(b) and 28 U.S.C. § 1292(b) to address the plaintiffs standing under the willing speaker doctrine and whether Code § 17.1-293(H) is a prior restraint on speech, as alleged by the plaintiffs.

## STATEMENT OF FACTS

Because this appeal arises from the district court's denial of a Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, the relevant facts are few.

Plaintiff Courthouse News is a California corporation that summarizes civil court pleadings and court cases. ECF No. 1 at ¶¶ 29-31. The remaining Plaintiffs are part of Lee Enterprises, Inc., which "is the fourth largest newspaper publisher" in the country. *Id.* at ¶ 45. The Defendant Clerks are responsible for the maintenance and administration of court records in their respective jurisdictions. *Id.* at ¶¶ 21, 23, 25.

This case is the latest in a series of lawsuits brought by CNS and the plaintiffs challenging Virginia's statutory scheme relating to online access to nonconfidential court records. Clerks are not required to offer remote online access to nonconfidential records, and there is no restriction on who clerks can offer access to. *See* Va. Code § 17.1-225, -293.

If a clerk decides to offer remote access, there is certain confidential information and records that are accessible only to Virginia-licensed attorneys and their agents. *See* Va. Code § 17.1-293(D) and (E)(7).

Subsection H—the Dissemination Restriction challenged by the Complaint in this case—then states:

> Nothing in this section shall be construed to permit any data accessed by secure remote access to be sold or posted on any other website or in any way redistributed to any third party, and the clerk, *in his discretion, may deny secure remote access to ensure compliance with these provisions*. However, the data accessed by secure remote access may be included in products or services provided to a third party of the subscriber provided that (i) such data is not made available to the general public and (ii) the subscriber maintains administrative, technical, and security safeguards to protect the confidentiality, integrity, and limited availability of the data.

Va. Code § 17.1-293(H) (emphases added).

Courthouse News, one of the Plaintiffs in this case, previously filed a similar lawsuit in the Eastern District of Virginia challenging the constitutionality of limiting access to Virginia attorneys (the "Access Restriction") and the Dissemination Restriction. *See Courthouse News Serv. v. Smith*, 126 F.4th 899, 909 (4th Cir. 2025). The Eastern District of Virginia granted summary judgment to the defendants and dismissed these claims. *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349, 370

6

(2022) (Hudson, J.), *aff'm in part, vacated in part* <u>126 F.4th 899</u>. Of note here, the Eastern District upheld the Dissemination Restriction as content-neutral time, place, and manner regulations justified by the Commonwealth's interests in the orderly and efficient administration of justice and narrowly tailored to the protection of sensitive personal information contained in court filings. *Id.* at 360–70.  The Court also reasoned that the Dissemination Restriction in Virginia Code § 17.1-293(H) did not prohibit Courthouse News from "redistribut[ing] information from civil court records obtained physically at the courthouse." *Id.* at 370. As the plaintiffs in this case concede in their Complaint, the records for which they seek online access are already available to them at the courthouse. *See* Compl. ¶¶ 63, 66, 70.

On appeal, the Fourth Circuit affirmed Judge Hudson's decision that the Access Restriction did not violate the First Amendment: "[b]y limiting online access to this relatively small, vetted group of individuals [Virginia attorneys] who are strongly incentivized to follow OCRA's rules and who can be effectively disciplined for misconduct, the Access Restriction furthers the Commonwealth's interest in safeguarding sensitive personal information in court records." *Courthouse News*, <u>126</u>

F.4th at 913. As the Fourth Circuit observed, "attorneys and their staff do not pose the same threat to sensitive personal information as the public at large." *Id.* at 915.

As to the Dissemination Restriction, the Court held that Courthouse News lacked standing to challenge it because it lacked a constitutional right of access to those records. *Id.* at 917. The Dissemination Restriction

> *does not impose any restraint on Courthouse News's speech*, because it applies only to individuals with remote online access to court records. Courthouse News does not currently have such access, and we have determined that it is not constitutionally entitled to receive that access.

*Id.* (emphasis added). Although CNS suggested that the Dissemination Restriction indirectly injured it by hindering its ability to acquire electronic court records from its attorneys with online access, this Court said the assertion of derivative injury was "too speculative to support standing." *Id.*

Plaintiffs then filed this Complaint, explicitly seeking to remedy the standing defect identified by this Court. Specifically, Plaintiffs allege that they have asked their privately-retained Virginia attorney, David Lacy ("Mr. Lacy"), to provide them with certain civil court

pleadings he obtained through his online access. ECF No. 1 at ¶ 11. The Complaint alleges that Mr. Lacy would have provided such pleadings but could not because the Dissemination Restriction "may have" caused his online-access to be revoked or subjected him to "further sanctions, including disbarment." *Id.* at ¶ 4, 12, 61. The Complaint asserted a single First Amendment claim under 42 U.S.C. § 1983: that the Dissemination Restriction is unconstitutional on its face and as applied as a "prior restraint." *Id.* at ¶ 87.

The defendants filed Motions to Dismiss under Rule 12(b)(1) and 12(b)(6). The district court denied the motions. ECF No. 73. After Defendants noticed their interlocutory appeal of the district court's ruling on Eleventh Amendment immunity, the Defendant Clerks asked for certification under 28 U.S.C. § 1292(b). Despite the plaintiffs contesting the motion, the district court granted it by order and opinion dated July 2, 2026. ECF No. 94.

## REASONS WHY THE APPEAL SHOULD BE ALLOWED

This case is automatically stayed in the district court pending resolution of the defendants' Eleventh Amendment immunity appeal. For reasons of analytical clarity and judicial economy, this Court should

9

accept the two additional issues certified by the district court to consider alongside Eleventh Amendment immunity.

## 1. WHETHER THE DISSEMINATION RESTRICTION IS A PRIOR RESTRAINT IS APPROPRIATE FOR THIS COURT'S INTERLOCUTORY REVIEW.

The district court found that plaintiffs made a "plausible showing that the Dissemination Restriction is a prior restraint on speech that would not survive strict scrutiny." ECF No. 73 at 15. That finding imposes on the parties the concomitant implications on discovery and the analytical framework through which the district court will ultimately decide whether the Dissemination Restriction is constitutional. Given the significance of that finding, and the cost and time of litigating in that analytical framework, this Court should accept the certified issue to consider alongside the Eleventh Amendment immunity issue already before it.

### 1.1. The issue is a controlling question of law, the resolution of which may terminate this litigation.

As the district court noted in its opinion certifying this issue, the plaintiffs assert a single claim in their Complaint: that Code § 17.1-293(H) is an unconstitutional *prior restraint* on speech that fails constitutional scrutiny. ECF No. 94 at 6. If the statute is not a prior restraint

10

on speech, the plaintiffs' lawsuit fails and should be dismissed. *Papania v. United States*, 715 F. Supp. 3d 789, 802 (E.D. Va. 2024) ("A case may not proceed to trial on 'an unpleaded theory of recovery' without 'express or implied consent of the parties.'") (quoting *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 401 (4th Cir. 1999)). The issue, then, is a controlling question of law that would materially impact this litigation. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) ("[A] question of law is 'controlling' if reversal of the district court's order would terminate the action."); *see generally* 16 Charles A. Wright, et al., Federal Practice and Procedure § 3930 (explaining "controlling" and citing cases).

### 1.2. The issue is one for which there is substantial ground for difference of opinion.

The issue is also one for which there is "[a] substantial ground for difference of opinion" and "where reasonable jurists might disagree on [its] resolution." *In re Trump*, 928 F.3d 360, 371 (4th Cir. 2019) (vacated on other grounds in *In re Trump*, 958 F.3d 274 (4th Cir. 2020)). The "substantial ground for disagreement may arise if there is a 'novel and difficult issue of first impression,' or if there is a circuit split and the

11

controlling circuit has not commented on the conflicting issue." *United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, <u>173 F. Supp. 3d 320, 323</u> (E.D. Va. 2016); *Int'l Refugee Assistance Project v. Trump*, <u>404 F. Supp. 3d 946, 950</u> (D. Md. 2019).

To start, the issue here is one of first impression. Specifically, there is no controlling authority that directly answers whether the plain language of the Dissemination Restriction satisfies the meaning of a "prior restraint" as articulated by the Supreme Court of the United States. *See Alexander v. United States*, <u>509 U.S. 544, 550</u> (1993) (defining a prior restraint, as distinct from subsequent punishment, as an "administrative and judicial order forbidding certain communications when issued in advance of the time that such communications are to occur.") The Defendant Clerks argued that the Dissemination Restriction is not a restraint on speech because it does not forbid speech before it occurs. *See* ECF No. 44 at 9-11, ECF No. 62 at 3, ECF No. 88 at 5-6.

The district court found that it was, but it relied on two non-binding authorities in doing so. First, the court cited Judge Gregory's dissent in *Courthouse News Serv.*, which was never adopted by the full Court because the petition for rehearing en banc in that case was

12

denied. *See Courthouse News Serv. v. Smith*, 2025 U.S. App. LEXIS 10123 (Apr. 28, 2025). Plus, the district court's decision in *Hade* found the Dissemination Restriction to be a constitutional time, place, and manner regulation. *See Courthouse News Serv.*, 126 F.4th at 906 (citing *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349 (E.D. Va. 2022)).

Second, the district court here relied on this Court's ruling in *Soderberg v. Carrion*, 999 F.3d 962, 966-67 (4th Cir. 2021). But that case involved a statute that constituted a penal sanction, "prohibit[ed] and punish[ed]" speech, and applied to the dissemination of speech available to "[t]he public generally." *Id.* at 964. Code § 17.1-293(H) bears none of these characteristics, so the decision in *Soderberg* is not controlling.

In addition to being a question of first impression, there is room for reasonable disagreement. As the district court noted in its certification opinion, the Supreme Court of the United States has previously held that that an order restricting distribution of information that was obtained one way was "not the kind of classic prior restraint that requires exacting First Amendment scrutiny" because it did not cover information obtained by other means. *See Seattle Times Co. v. Rhinehart*,

13

467 U.S. 20, 34 (1984); *see also Pell v. Procunier*, 417 U.S. 817, 834-35 (1974) (holding that because the statute at issue did not "deny the press access to sources of information available to members of the general public," it did not abridge any First Amendment rights). As the plaintiffs have pleaded, the court records to which they seek online access are, in fact, already available to them at Virginia's courthouses. Compl. ¶¶ 63, 66. And the public at large does not have remote online access to court records in electronic format, either. *Id.* ¶¶ 64, 65. The speech supposedly being restrained, in other words, is speech the plaintiffs can obtain by other means, like the rest of the public.

Plus, the plain language of the Dissemination Restriction falls outside the Supreme Court's definition of a "prior restraint" in *Alexander* and its progeny. The statute does not forbid speech before it occurs: it simply gives court clerks discretion to revoke access *after the fact*. That is, *if* a licensed attorney with online access to court records "speaks" by sharing those records with a third party, *then* the clerks can revoke that attorney's access. *See Novak v. City of Parma*, 932 F.3d 421, 432 (6th Cir. 2019) ("An action taken after the speech is expressed, like a punishment for disfavored speech, is not a prior restraint.").

14

**2.    WHETHER THE PLAINTIFFS HAVE STANDING IS APPROPRIATE FOR THIS COURT'S INTERLOCUTORY REVIEW.**

The plaintiffs assert a discrete form of standing in this case: that the Dissemination Restriction harms their right to receive speech from a willing speaker. This standing theory follows this Court's decision in *Courthouse News Serv. v. Smith*, where this Court held that CNS lacked standing because the Dissemination Restriction "does not impose any restraint on [CNS'] speech, because it applies only to individuals with remote online access to court records. . . . Because the Dissemination Restriction does not apply to [CNS'] speech, it lacks standing to challenge that provision." *Courthouse News Serv.*, 126 F.4th at 917. The plaintiffs expressly alleged that to overcome that finding, they are asserting a right to receive speech from a willing speaker who cannot convey that speech because of the Dissemination Restriction.

### 2.1.    The issue is a controlling question of law, the resolution of which may terminate the litigation.

As the district court noted, this Court has previously held that standing is a controlling question of law that could materially advance the termination of litigation. *In re Trump*, 928 F.3d at 371. That is because standing is a "threshold jurisdictional inquiry" implicating

15

whether a court has jurisdiction over a case. *Moore v. Virginia Cmty.*

*Bankshares, Inc.*, 666 F. Supp. 3d 547, 552-53 (W.D. Va. 2023) (cleaned

up). Standing is also "a legal question that [appellate courts] examine

de novo." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 553 (4th

Cir. 2013). And when standing is a "pure question of law"— that is,

when it is "an abstract legal issue that the court of appeals can decide

quickly and cleanly"—it is suitable for interlocutory review. *See Does v.*

*Musk*, 2026 U.S. Dist. LEXIS 17834, *5 (D. Md. 2026) (citing *United*

*States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340

(4th Cir. 2017)).

Because resolving standing will "serve to avoid a trial or otherwise

substantially shorten the litigation," it is appropriate for interlocutory

review. *See McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir.

2004) (citing 16 Charles Alan Wright, et al., Federal Practice & Proce-

dure § 3930 at 432 (2d ed. 1996)).

**2.2.  The issue is one for which there is substantial ground
for difference of opinion.**

While the plaintiffs made explicit their theory of standing in their

Complaint, they waffled later as to whether they (as receivers of speech)

needed to assert an injury that is derivative of Mr. Lacy's (as their

willing speaker). This is a critical point: if a listener's rights are deriva-tive of the speaker's, then it is also true that a listener has no injury in fact if the speaker has no injury in fact.

This Court has never addressed this issue, but the nature of the willing speaker doctrine resolves this question. In the landmark willing-speaker case, *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council*, 425 U.S. 748, 757 (1976), the Supreme Court made clear that the rights of the speaker and the rights of the listener were conjoined: "If there is a right to advertise, there is a reciprocal right to receive the advertising." The listener's rights, in other words, are reciprocal of the speaker's: "the right to listen depends entirely on the infringement on the rights of a willing speaker." *Pa. Family Inst., Inc. v. Black*, 489 F.3d 156, 166 (3d Cir. 2007); *NAACP v. Jones*, 131 F.3d 1317, 1322 n. 5 (1997) ("[I]n *Virginia Pharmacy*, the Court found the listener's rights to derive from the existence of the speaker's rights."); *Dow Jones & Co. v. Simon*, 842 F.2d 603, 608 (2d Cir. 1988) (the "right to receive speech does not enlarge the rights" of the speaker because a listeners' rights are "entirely derivative" of a speaker's rights). For these reasons, a

17

listener's rights are no greater than that of the speaker. *Jones*, <u>131 F.3d at 1322</u>.

But the plaintiffs repeatedly disclaimed any rights—and thus injury—that derived from Mr. Lacy. *See* ECF No. 48 at 2, 9 and 11-13 (repeatedly asserting a right to gather news as not derived from a willing speaker). In fact, the plaintiffs labeled as a false premise the notion "that [their] standing is derivative of" the attorneys with online access. *Id.* at 15. Rather, the plaintiffs argued that they need not assert a derivative injury, and that their own right to "gather news" or "access" information stands independent of any injury suffered by the alleged willing speaker. *See* ECF No. 48 at 2, 9, 11, 13 (citing *Overbey v. Mayor of Baltimore*, <u>930 F.3d 215</u> (4th Cir. 2019); *In re Wall Street J.*, <u>601 F. App'x 215</u> (4th Cir. 2015 (per curiam); *CBS Inc. v. Young*, <u>522 F.2d 234</u> (6th Cir. 1975)).

This Court should resolve whether the plaintiffs' standing to assert their claim derives from their alleged willing speaker.

### 3. THE CERTIFIED ISSUES OVERLAP WITH THE ELEVENTH AMENDMENT IMMUNITY ISSUE ALREADY ON APPEAL.

Finally, this Court should grant the Petition because both issues overlap with the pending Eleventh Amendment immunity appeal.

18

Briefly stated, the Eleventh Amendment issues on appeal relate to the *Ex Parte Young* exception, which asks whether the defendants have "some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings . . . to enforce against parties affected [by] an unconstitutional act.'" *McBurney v. Cucinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (quoting *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). This requires assessing the nature of the Dissemination Restriction and the relative authority that the defendants have in relation to it. Put differently, the Eleventh Amendment issues require this Court to interpret what it is that the Dissemination Restriction requires or simply permits-with-discretion in relation to the defendants. *See Ex Parte Young*, 209 U.S. at 158. What do the clerks have authority to do, in other words, as to the speech of the plaintiffs' alleged willing speaker? That is the same question at the heart of assessing whether the statute is a prior restraint.

The same is true of standing. In the *Ex parte Young* context— where a party exclusively seeks prospective injunctive relief—the party "must establish an ongoing or future injury in fact." *Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018); *DaimlerChrysler Corp. v. Cuno*, 547

19

U.S. 332, 345 (2006) (plaintiff must show "imminent" and "certainly impending" harm). "[F]ears of [future] enforcement that are 'imaginary' or 'wholly speculative' are insufficient to confer standing." *Rock for Life-UMBC v. Hrabowski*, 411 F. App'x 541, 547 (4th Cir. 2010). Whether the plaintiffs assert rights and harms derivative of—or separate and apart from— their alleged willing speaker matters for this inquiry.

Resolving these analytical questions together serves the interests of judicial economy and will assist the parties, and district court, if this case proceeds.

## CONCLUSION

For these reasons, this Court should exercise its discretion and grant permission to appeal the district court's order.

Date: July 13, 2026

Respectfully submitted,

**EDWARD JEWETT**, in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia;

**BRENDA HAMILTON**, in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia; and

**KELLY FLANNAGAN**, in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia.

20

By Counsel

/s/ John P. O'Herron
William W. Tunner (VSB No. 38358)
William D. Prince IV (VSB No. 77209)
John P. O'Herron (VSB No. 79357)
Rachel W. Adams (VSB No. 92605)
Peter S. Askin (VSB No. 93371)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wtunner@t-mlaw.com
wprince@t-mlaw.com
joherron@t-mlaw.com
radams@t-mlaw.com
paskin@t-mlaw.com

*Counsel for Petitioners*

21

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with Federal Rules of Appellate Procedure 5(c) and 32(a) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14pt Century Schoolbook, and because excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 4020 words.

/s/ John P. O'Herron

John P. O'Herron, Esq.

*Thompson*McMullan, P.C.

100 Shockoe Slip, Third Floor

Richmond, VA 23219-4140

Phone: (804) 698-6253

Fax: (804) 780-1813

Email: joherron@t-mlaw.com

*Counsel for Petitioners*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of July, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Copies have been emailed to the following:

Roger Myers, Esq.
Rachel Matteo-Boehm, Esq.
Carlie Tenenbaum, Esq.
BRYAN CAVE LEIGHTON PAISNER LLP
3 Embarcadero Center, 7th Floor
2100 East Cary Street, Suite 310
San Francisco, CA 94111
Telephone: (415) 675-3400

Dabney J. Carr IV, Esq.
Lauren H. Miller, Esq.
TROUTMAN PEPPER LOCKE LLP
P.O. Box 1122
Richmond, Virginia 23218
Telephone: (804) 697-1200
Facsimile: (805) 697-1339
dabney.carr@troutman.com

22

roger.myers@bclplaw.com                         lauren.h.miller@troutman.com
rachel.matteo-boehm@bclplaw.com
carlie.tenenbaum@bclplaw.com          *Counsel for Respondents*

*Counsel for Respondents*

Erin R. McNeill (VSB# 78816)
Senior Assistant Attorneys General
Office of the Virginia Attorney
General
202 North 9th Street
Richmond, Virginia 23219
Telephone (ERM): (804) 692-0598
Facsimile (ERM): (804) 371-0200
Email: Emcneill@oag.state.va.us

*Counsel for Petitioner Hade*

                   /s/John P. O'Herron
John P. O'Herron, Esq.
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, VA 23219-4140
Phone: (804) 698-6253
Fax: (804) 780-1813
Email: joherron@t-mlaw.com

*Counsel for Petitioners*

USCA4 Appeal: 26-199     Case 1:25-cv-00075-JPJ-PMS     Doc: 2     Document 100     Filed: 07/14/2026     Filed 07/14/26     Pg: 30 of 49     Page 30 of 49

23

# EXHIBIT A

Case 1:25-cv-00075-JPJ-PMS    Document 100    Filed 05/05/26    Page 32 of 49
Pageid#: 1366

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

May 05, 2026

LAURA A. AUSTIN, CLERK
BY:   s/ FELICIA CLARK
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **COURTHOUSE NEWS SERVICE, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25CV00075 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **KARL R. HADE, etc., et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Roger Myers, BRYAN CAVE LEIGHTON PAISNER LLP, San Francisco, California and Dabney J. Carr IV, TROUTMAN PEPPER LOCKE LLP, Richmond, Virginia, for Plaintiffs; Erin R. McNeill, Senior Assistant Attorney General, OFFICE OF THE VIRGINIA ATTORNEY GENERAL, Richmond, Virginia, for Defendant Karl R. Hade; Peter Askin, THOMPSONMCMULLAN, P.C., Richmond, Virginia, for Defendants Edward Jewett, Brenda Hamilton, and Kelly Flannagan.*

The plaintiffs, a legal news service and publishers of various local Virginia newspapers, challenge the constitutionality of a Virginia statute that restricts the dissemination of non-confidential civil court records obtained through the state's remote online access system. The defendants, Virginia court officials, have moved to dismiss the case for lack of subject-matter jurisdiction and failure to state an actionable claim. For the reasons discussed below, the motions to dismiss will be denied.

Case 1:25-cv-00035-RDB-PMSS    Document 108    Filed 05/13/26    Page 23 of 49
PageID#: 1087

## I.  BACKGROUND.

All Virginia circuit courts provide the public and press with access to non-confidential civil court records at their respective physical courthouses.  Regulation of remote access to these same records is left to the discretion of individual Virginia circuit court clerks.[1]  Va. Code Ann. § 17.1-225.  Most Virginia circuit courts offer remote access to such records via the Officer of the Court Remote Access system (OCRA).  The statute governing OCRA requires Virginia circuit court clerks to limit OCRA access to Virginia-licensed attorneys and their authorized agents, pro hac vice attorneys, and select government agencies (Access Restriction).[2]  Va. Code Ann. § 17.1-293(E)(7).  However, if an authorized OCRA user transmits remotely accessed data to an unauthorized third party, circuit court clerks have discretion to revoke the user's OCRA access (Dissemination Restriction).  Va. Code Ann. § 17.1-293(H).[3]

---

[1]  The circuit courts in Virginia are the local general trial courts of record.  There are 120 circuit courts.  Compl. ¶ 39, Dkt. No. 1.  Each circuit court has an elected clerk who serves as the custodian of its records.

[2]  In a prior lawsuit filed by Courthouse News, the Fourth Circuit upheld the Access Restriction as constitutional.  *Courthouse News Serv. v. Smith*, 126 F.4th 899, 916–17 (4th Cir. 2025).  It is thus not at issue in the present litigation.

[3]  Va. Code Ann. § 17.1-293(H) states:

Nothing in this section shall be construed to permit any data accessed by secure remote access to be sold or posted on any other website or in any way redistributed to any third party, and the clerk, in his discretion, may deny secure remote access to ensure compliance with these provisions.  However,

-2-

Case 1:23-cv-00035-DJ-PMS   Document 100   Filed 05/13/26   Page 34 of 49
PageID#: 17408

Plaintiff Courthouse News Service (Courthouse News) is a nationwide news service that specializes in reporting on civil litigation in state and federal courts. Co-plaintiffs Lee Enterprises, Inc. (Lee) and Lee BHM LLC (Lee BHM), a subsidiary of Lee, are publishers of various newspapers across Virginia.

In 2021, Courthouse News filed a lawsuit in the U.S. District Court for the Eastern District of Virginia challenging the constitutionality of both the Access Restriction and the Dissemination Restriction. The district court found both restrictions to be content-neutral time, place, and manner regulations that were narrowly tailored to further Virginia's interest in protecting the disclosure of citizens' private information and the efficient administration of justice. *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349, 360–70 (E.D. Va. 2022).

On appeal, the Fourth Circuit upheld the Access Restriction as constitutional. *Courthouse News Serv. v. Smith*, 126 F.4th 899, 917–18 (4th Cir. 2025) (*Courthouse News I*). But the court of appeals determined that, because Courthouse News was not entitled to OCRA access, it lacked standing to challenge the Dissemination Restriction. *Id.* at 917 (explaining that "[t]he Dissemination Restriction does not impose any restraint on Courthouse News's speech, because it applies only to

---

the data accessed by secure remote access may be included in products or services provided to a third party of the subscriber provided that (i) such data is not made available to the general public and (ii) the subscriber maintains administrative, technical, and security safeguards to protect the confidentiality, integrity, and limited availability of the data.

-3-

individuals with remote online access to court records"). The court also rejected Courthouse News's contention that the Dissemination Restriction indirectly injured its ability to acquire records from attorneys with OCRA access because Courthouse News would have needed to show that "there exists a speaker willing to convey the information" to have standing to assert the right to receive speech. *Id.* (internal quotation marks and citation omitted). Because "Courthouse News ha[d] not identified anyone who would redistribute data from OCRA to Courthouse News absent the Dissemination Restriction," the court found that the derivative injury allegations were "too speculative" to establish standing. *Id.* (internal quotation marks and citation omitted).

On December 9, 2025, Courthouse News, along with Lee and Lee BHM, filed this action against Karl R. Hade, the Executive Secretary of the Office of Executive Secretary (OES) of the Supreme Court of Virginia, as well as Virginia circuit court clerks Edward Jewett, Brenda Hamilton, and Kelly Flannagan, all in their official capacities.[4] The sole claim challenges the Dissemination Restriction of Va. Code Ann. § 17.1-293(H) as an unconstitutional prior restraint in violation of the First Amendment. To rectify the standing issue previously identified by the Fourth Circuit in Courthouse News I, the plaintiffs now argue that the Dissemination Restriction

---

[4] Defendants Jewett, Hamilton, and Flannagan are the circuit court clerks for the cities of Richmond, Roanoke, and Bristol, respectively.

-4-

Case 1:25-cv-00035-JPJ-PMS    Document 100    Filed 05/13/26    Page 36 of 49
PageID#: 1042

infringes on the speech of David Lacy, a Virginia-licensed attorney.  The plaintiffs allege that they have asked Mr. Lacy on several occasions to provide them with copies of civil court pleadings through OCRA, but Mr. Lacy informed them that the Dissemination Restriction prohibited him from doing so.  Accordingly, the plaintiffs request this court enjoin the defendants from prohibiting the dissemination of public court records and information accessed via OCRA and declare the Dissemination Restriction unconstitutional.[5]

All defendants have moved to dismiss the case, asserting sovereign immunity and lack of standing.[6]  Separately, the defendant clerks assert that the plaintiffs' as-applied challenge to the Dissemination Restriction is not ripe, and defendant Hade asserts that the plaintiffs have failed to show that the Dissemination Restriction violates the First Amendment.  Additionally, the plaintiffs have conditionally moved to amend their complaint and have requested this court take judicial notice.[7]  Dkt.

---

[5]    The plaintiffs assert jurisdiction under 28 U.S.C. §§ 1331, 1343, and 2201. Compl. ¶ 14, Dkt. No. 1.

[6]  Defendant Hade only challenges standing as to plaintiff Lee.

[7] The plaintiffs specified that their motion to amend is contingent upon this court's grant of the motions to dismiss.  Pls.' Mot. for Leave to Amend 2, Dkt. No. 49.  While the plaintiffs did not specify whether their request for judicial notice, Pls.' Req. Jud. Notice, Dkt. No. 50, is also contingent upon the disposition of the motions to dismiss, I will also treat the request as conditional upon this court's grant of the motions to dismiss.  Thus, I will deny both of plaintiff's motions as moot.

Case 1:23-cv-00035-JPB-PMS   Document 100   Filed 05/13/26   Page 37 of 49
PageID#: 10731

Nos. 49, 50.  All pending motions have been fully briefed and argued and are now ripe for review.

## II.  STANDARDS OF REVIEW.

A Rule 12(b)(1) motion challenges a court's jurisdiction over a case.  *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  The plaintiff bears the burden of establishing that subject-matter jurisdiction exists.  *Id.*  Dismissal under Rule 12(b)(1) is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Id.* (citation omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint to determine whether the plaintiff has properly stated a claim.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, the plaintiff must state that "a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based on its "judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In evaluating a complaint, the court accepts as true all well-pleaded facts.  *Id.*  Although a complaint does not need detailed factual allegations to survive a motion to dismiss, it must contain more than labels, conclusions, and a recitation of the elements of the cause of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. DISCUSSION.

#### A. *Sovereign Immunity.*

The defendants first contend that this court lacks subject-matter jurisdiction because of sovereign immunity. The Eleventh Amendment generally immunizes states from being sued in federal court by private parties. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). This immunity also extends to state officers sued in their official capacity. *Alden v. Maine*, 527 U.S. 706, 756 (1999). But private parties may sue state officials for prospective, injunctive relief to prevent them from enforcing state laws that run afoul to federal law. *Whole Woman's Health*, 595 U.S. at 39; *Ex parte Young*, 209 U.S. 123, 155–56 (1908) (explaining that the immunity exception applies to state officials who have "some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings . . . to enforce against parties affected [by] an unconstitutional act, violating the Federal Constitution"); *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (stating that courts "must find a 'special relation' between the officer being sued and the challenged statute before invoking the [*Ex parte Young*] exception") (quoting *Ex parte Young*, 209 U.S. at 157). Upon finding that a party is entitled to sovereign immunity, courts are required to dismiss a suit for lack of subject-matter jurisdiction. *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018).

-7-

Case 1:23-cv-00035-JPJ-PMS    Document 100    Filed 05/13/26    Page 89 of 149
PageID#: 1743

First, defendant Hade argues that he lacks the requisite authority to enforce the challenged statute. He previously raised the same argument before the district court. *Courthouse News Serv.*, 580 F. Supp. 3d at 289. There, the district court found that Courthouse News had adequately alleged that OES had previously denied Courthouse News access to OCRA. *Id.* at 294–95. Consequently, the court concluded that, "even accepting Defendant Hade's argument that he does not have unilateral control over court records inside of OCRA, [Courthouse News] has adequately alleged that he maintains a 'special relation' to the challenged policy and has 'acted or threatened' to enforce it." *Id.* at 295 (quoting *McBurney*, 616 F.3d at 402).

In this suit, the Complaint alleges that OES "created, provides, supports and maintains OCRA for Virginia court clerks," requires circuit court clerks include the Dissemination Restriction in OCRA subscription agreements, and that — as the Executive Secretary of OES — defendant Hade is the administrator of the Virginia circuit court system. Compl. ¶ 20, Dkt. No. 1. These facts plausibly allege that defendant Hade has a special relation to the Dissemination Restriction. With respect to whether defendant Hade has acted or threatened to enforce the restriction, I find that the plaintiffs "have alleged an actual and well-founded fear that the law will be enforced against them" given that Mr. Lacy has informed them on several occasions that he is prohibited from disseminating the information he obtains through OCRA.

-8-

*Virginia v. Am. Booksellers Ass'n,* 484 U.S. 383, 393 (1988), (certifying questions

to Supreme Court of Virginia) (discussing pre-enforcement in the First Amendment

context); *cf. Overbey v. Mayor of Baltimore*, 930 F.3d 215, 228 (4th Cir. 2019)

(recognizing that a willing speaker may "choose[] not to" provide information to the

news media because he "does not want to violate a settlement agreement with the

government"). Thus, sovereign immunity does not bar the current suit against

defendant Hade.

Similarly, the defendant clerks argue that they lack the requisite authority to

enforce the Dissemination Restriction. Alternatively, they argue that any authority

they have to revoke OCRA access is discretionary and thus falls outside the scope

of state actions subject to suit. *See Ex parte Young*, 209 U.S. at 158 (explaining that

the exception to immunity only applies "where the officer having some duty to

perform not involving discretion . . . refuses or neglects to take such action").

The Complaint contains several factual allegations that plausibly establish the

defendant clerks' enforcement authority. For example, the plaintiffs allege that the

defendant clerks are charged with the maintenance and dissemination of non-

confidential court records, and that circuit court clerks are authorized to make such

records available for viewing — both in person and online — for the press and

public. On the corollary, the Complaint asserts that circuit court clerks "may deny

secure remote access to ensure compliance" with the Virginia Code. Compl. ¶ 57,

Dkt. No. 1 (quoting Va. Code Ann. § 17.1-293(H)).  Thus, even though the *Ex parte Young* exception generally does not apply to court clerks because they are not normally charged with enforcing state laws, *Whole Woman's Health*, 595 U.S. at 40, I find that the plaintiffs have sufficiently alleged that the defendant clerks maintain a special relation to the Dissemination Restriction, and that they "have alleged an actual and well-founded fear" of enforcement.  *Am. Booksellers Ass'n,* 484 U.S. at 393.

I also find unpersuasive the defendant clerks' argument that any authority they have to revoke OCRA access is discretionary and thus not subject to the *Ex parte Young* exception.  The Fourth Circuit has distinguished between applying the exception to actions that order state officials to comply with federal law from actions that instruct state officials on how to use their discretion in complying with the law. *Antrican v. Odom*, 290 F.3d 178, 191 (4th Cir. 2002).  In this case, the plaintiffs are not challenging the defendant clerks' discretion to revoke OCRA access for certain subscribers over others.  Rather, they are challenging the Dissemination Restriction as a violation of federal law.  I find that sovereign immunity does not prohibit the present suit against the defendant clerks.

*B.  Standing.*

To establish Article III standing, a plaintiff must show that she has suffered (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent,

-10-

not conjectural or hypothetical," (2) the injury must be "fairly traceable to the challenged action of the defendant," and (3) it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citation omitted). In First Amendment cases, prudential limitations on standing requirements have been relaxed. *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984) ("[W]hen there is a danger of chilling free speech, the concern that constitutional adjudication be avoided whenever possible may be outweighed by society's interest in having the statute challenged."); *Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013).

In *Courthouse News I*, the Fourth Circuit denied Courthouse News's challenge to the Dissemination Restriction for lack of standing after determining that the restriction "applies only to individuals with remote online access to court records." *Courthouse News Serv.*, 126 F.4th at 917. However, the court suggested that Courthouse News could have established a derivative injury by asserting a right to receive speech. *Id.* "[T]o have standing to assert a right to receive speech, a plaintiff must show that there exists a speaker willing to convey the information to her." *Stephens v. Cnty. of Albemarle*, 524 F.3d 485, 492 (4th Cir. 2008). "[A] person qualifies as a willing speaker if she would be willing to provide information on a matter of public significance to the news media but chooses not to because she does

-11-

not want to violate a settlement agreement with the government." *Overbey*, 930 F.3d at 228. But because Courthouse News "ha[d] not identified anyone who would redistribute data from OCRA to Courthouse News absent the Dissemination Restriction," the court declined to find that any indirect injuries had been established. *Courthouse News Serv.*, 126 F.4th at 917.

In this case, the plaintiffs have identified Virginia-licensed attorney David Lacy as a speaker willing to convey speech to them. Specifically, the Complaint alleges that the plaintiffs have asked Mr. Lacy on several occasions to provide them with copies of civil complaints from his OCRA account, but that he has informed them that the Dissemination Restriction prevents him from doing so. Therefore, the plaintiffs have plausibly alleged that the restriction infringes on their right to receive information. Moreover, they have sufficiently alleged causality in that, but for the restriction, Mr. Lacy would have provided the plaintiffs with the requested information and have also asserted that a favorable decision would redress the alleged burden imposed by the Dissemination Restriction. I find that the plaintiffs have standing to bring this suit.

### C. *Ripeness.*

While standing considers who may bring suit, ripeness considers when a plaintiff may bring suit. The ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract

disagreements over administrative policies" and "protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). "Where an injury is contingent upon a decision to be made by a third party that has not yet acted, it is not ripe as the subject of decision in a federal court." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). Like standing, "ripeness requirements are also relaxed in First Amendment cases" due to the chilling effect of potentially unconstitutional infringements on speech. *Cooksey*, 721 F.3d at 240.

The defendant clerks contend that the as-applied challenge to the Dissemination Restriction is unripe because the Complaint has failed to allege that they revoked any OCRA subscriber's access, including Mr. Lacy's. But as explained above, the plaintiffs have sufficiently alleged that, but for the threat of having his OCRA access revoked, Mr. Lacy would have provided them with copies of records he obtained via OCRA. *See id.* at 240 (finding a plaintiff's claim to be ripe when the factual record failed to indicate that the plaintiff was free from "the threat of penalty") (quoting *Va. Soc'y for Hum. Life, Inc. v. FEC*, 263 F.3d 379, 390 (4th Cir. 2001). The present action is ripe for review.

-13-

*D. First Amendment.*

The plaintiffs allege that the Dissemination Restriction constitutes a prior restraint on protected speech in violation of the First Amendment right to newsgathering. Prior restraints are "administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (internal quotation marks and citation omitted). "Any prior restraint on expression comes to [a court] with a heavy presumption against its constitutional validity." *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 558 (1976) (internal quotation marks and citations omitted). Examples of prior restraints include temporary restraining orders and permanent injunctions. *Alexander*, 509 U.S. at 550. "A prior restraint . . . has an immediate and irreversible sanction" and freezes speech "at least for the time." *Neb. Press Ass'n*, 427 U.S. at 559 (internal quotation marks omitted). Thus, prior restraints are distinguishable from subsequent punishments. *Alexander*, 509 U.S. at 553–54.

Although the Fourth Circuit dismissed the challenge to the Dissemination Restriction for lack of standing in *Courthouse News I*, Judge Gregory discussed the merits in his dissent. Specifically, Judge Gregory found that the Dissemination Restriction constituted a prior restraint subject to strict scrutiny for "impos[ing] sanctions on the publication of truthful information contained in official court

-14-

records open to public inspection.'"  *Courthouse News Serv.*, <u>126 F.4th at 925</u> (Gregory, J., dissenting) (quoting *Cox Broad. Corp. v. Cohn*, <u>420 U.S. 469</u>, 495 (1975)); *see also Soderberg v. Carrion*, <u>999 F.3d 962</u>, 966–67 (4th Cir. 2021) (holding that strict scrutiny was the proper standard of review for evaluating the constitutionality of a ban that prohibited the broadcasting of official court recordings of criminal proceedings but allowed for other means of disseminating the same information).

## IV. CONCLUSION.

Here, the plaintiffs have plausibly alleged that the Dissemination Restriction constitutes a prior restraint on speech for prohibiting the dissemination of certain information to the public.  Thus, for the restriction to be upheld, the defendants would need to show that it is narrowly tailored to serve a compelling government interest.  *Reed v. Town of Gilbert,* <u>576 U.S. 155</u>, 171 (2015).  While the defendants have asserted their interest in protecting the privacy and security of litigants, the plaintiffs' allegations could reasonably support the conclusion that the Dissemination Restriction is not the least restrictive means for protecting that interest.  I thereby find that the plaintiffs have made a plausible showing that the Dissemination Restriction is a prior restraint that would not survive strict scrutiny.[8]

---

[8]  Defendant Hade raises several other arguments as to why the Dissemination Restriction does not violate the First Amendment.  Because the plaintiffs have plausibly

-15-

For these reasons, it is **ORDERED** that the defendants' Motions to Dismiss,

Dkt. Nos. 38, 39, 41, 43, are DENIED and the plaintiffs' Leave to Amend Complaint,

Dkt. No. 49, and Request for Judicial Notice, Dkt. No. 50, are DENIED.


ENTER:   May 5, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

alleged that the Dissemination Restriction constitutes a prior restraint in violation of the
First Amendment, I need not reach the merits of these arguments.

# EXHIBIT B

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

July 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **COURTHOUSE NEWS SERVICE, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25CV00075 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **KARL R. HADE, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

Pursuant to this court's Opinion and Order dated July 2, 2026, this court hereby certifies its Order dated May 5, 2026, Dkt. No. 73, for an interlocutory appeal under 28 U.S.C. § 1292(b). The Clerk of this court shall certify a copy of the May 5, 2026, Order, Dkt. No. 73, to the Clerk of the United States Court of Appeals for the Fourth Circuit.

It is so **ORDERED**.

ENTER: July 2, 2026

/s/ JAMES P. JONES
Senior United States District Judge